Lorraine P. Ocheltree (SBN 151791)
lpocheltree@duanemorris.com
Allegra A. Jones (SBN 236518)
aajones@duanemorris.com
**DUANE MORRIS LLP**
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA 94105-1127
Telephone: +1 415 957 3000
Facsimile:  + 1 415 957 3001

Attorneys for Defendants
UNIREGISTRY, INC and SEVAN DERDERIAN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATALIE LAMBERT,<br><br>    Plaintiff,<br><br>    v.<br><br>UNIREGISTRY, INC, a Delaware corporation; SEVAN DERDERIAN,<br><br>    Defendants. | Case No. 8:18-cv-01566<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER U.S.C. §§ 1332, 1441(B), AND 1445 (DIVERSITY)**<br><br>(Orange County Superior Court, Case No. 30-2018-01007644-CU-OE-CJC) |

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER ATTORNEY OF RECORD:

   PLEASE TAKE NOTICE THAT Defendants Uniregistry and Sevan Derderian ("Derderian") (collectively "Defendants") hereby remove Orange County Superior Court Case No. 30-2018-01007644-CU-OE-CJC to this Court.  This removal is based on diversity jurisdiction pursuant to 28 U.S.C. sections 1332 and 1441(b) and is supported by the exhibits attached hereto along with the accompanying Declaration of Allegra A. Jones.

I.  **PROCEDURAL HISTORY AND VENUE**

1. On July 24, 2018, Plaintiff Natalie Lambert filed a complaint relating to her employment in the Orange County Superior Court against Uniregistry, Inc. and Seven Derderian. (*See* Exhibit 1 hereto.)

2. Plaintiff served the Complaint on Uniregistry on August 3, 2018 and on Derderian on August 4, 2018. The Complaint, along with all other process, pleadings, and orders served on Uniregistry and Derderian are attached hereto:

| Exhibit Number | Document |
|---|---|
| Exhibit 1 | Summons |
| Exhibit 2 | Complaint |
| Exhibit 3 | Civil Case Cover Sheet |

3. On August 31, 2018 at 10:52 a.m., Defendants Uniregistry and Derderian filed their Answer to the Complaint in this action in Orange County Superior Court, and served a copy of their Answer on Plaintiff. (Declaration of Allegra A. Jones ["Jones Decl."] ¶ 3).

4. The Orange County Superior Court is located within the Central District of California. *See* 28 U.S.C. § 84(c). Thus, venue is proper in the Central District of California. *See* 28 U.S.C. § 1441(a).

/ / /

/ / /

## II.   GROUNDS FOR REMOVAL

5.   Removal of this action is justified based on diversity jurisdiction under 28 U.S.C. sections 1332 and 1441(b) because the Complaint is a civil action between citizens of different states where the amount in controversy exceeds $75,000.

### A.   There is Diversity of Citizenship.

1.   To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  The Complaint states that Plaintiff is a resident of Florida and that Defendant Seven Derderian is a resident of California (Compl. ¶¶ 2, 4; *see also* Compl. ¶ 21).  Because residence is prima facie evidence of domicile, Plaintiff is a resident of Florida and Derderian is a resident of California.  *See State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F. 3d 514, 519-20.

2.   A "corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 USC § 1332(c)(1).  Defendant was at the time of the filing of this action, and still is, a corporation registered under the laws of the Delaware, with its principal place of business in California, not Florida.  (Compl. ¶ 3; Jones Decl. ¶¶ 5-6 and Exhibit 1 thereto).

3.   The citizenships of any fictitious doe defendants are disregarded for purposes of establishing removal jurisdiction under 28 USC section 1332.  *See* 28 USC § 1441(a).

4. Accordingly, complete diversity of citizenship exists between Plaintiff and Defendants Uniregistry and Sevan Derderian.

**B.     The Amount in Controversy Exceeds $75,000.**

6. In assessing the amount in controversy for diversity jurisdiction purposes, a court must assume that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Roth v. Comerica Bank*, 799 F. Supp. 2d 1107, 1117 (C.D. Cal. 2010). The amount in controversy may include general and special compensatory damages, as well as any possible award of attorney's fees where the statutes under which the plaintiff sues authorize an award of attorneys' fees. *See Galt G/S v. JSS Scandinavia,* 142 F.3d 1150 (1998); *Lowdermilk v. US. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007). Where authorized, punitive damages are also counted toward this requirement. *See Romo v. FFG Insurance Co*., 397 F.Supp.2d 1237, 1240 (C.D. Cal. 2005); *Davenport v. Mut. Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963). The ultimate inquiry is what amount is put in controversy by the plaintiff's complaint.

7. "When the plaintiff does not dispute the amount in controversy, '[a] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" A*dkins v. J.B. Hunt Transp.*, Inc., 293 F. Supp. 3d 1140, 1143–44 (E.D. Cal. 2018) (*citing Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 [2014]). However, if the plaintiff contests the amount in controversy requirement, then "evidence establishing the

4

amount is required" and "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* "The parties may submit evidence outside the complaint, including affidavits or declarations, or other 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Id.* (citations omitted).

8. Plaintiff's Complaint does not specifically identify the amount of damages sought. When a state court complaint fails to establish a sufficiently specific total amount in controversy, a removing defendant must only establish the requisite jurisdictional amount by a preponderance of the evidence. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007).

9. Here, the Complaint alleges two causes of action: Sexual Discrimination and Retaliation, both in violation of the California Fair Employment and Housing Act (FEHA). "Plaintiff seeks compensatory damages, including economic damages for past and future loss of earnings and benefits, general damages for emotional distress, punitive damages, and statutory attorneys' fees." (Compl. ¶ 1). Plaintiff also seeks "punitive and exemplary damages in sums sufficient to punish [Defendants] and set an example in view of their respective financial conditions." (Compl. ¶¶ 26, 32). Moreover, Plaintiff specifies her economic damages to include past and future lost wages and benefits, as well as "moving expenses, and additional consequential damages, according to proof". (Compl. ¶¶ 21, 30). Plaintiff bases her emotional

damages request on allegations that she "experienced severe depression, anxiety, insomnia and severe mental and emotional distress as a result of her termination" of employment. (Compl. ¶ 21). Plaintiff repeatedly requests statutory attorney's fees. (Compl. ¶¶ 1, 27, 32, Prayer for Relief, p. 11).

10.   Plaintiff alleges in the Complaint that while working for Defendant Uniregistry she was offered a base salary of $80,000 plus commissions. (Compl. ¶ 8). The Complaint alleges that her date of separation from Uniregistry was March 23, 2015. (Compl. ¶ 20). She alleges that she was unable to find employment in Southern California and moved out of state in August of 2015. (Compl. ¶ 21). Plaintiff does not specify when she found new employment, but that it was following a "lengthy job search" and that she now earns "less income than she had made" with Uniregistry. (Compl. ¶ 21).

11.   Based on her $80,000 salary, a period of unemployment of one year would result in a claim of $80,000 in back pay – enough to satisfy the $75,000 amount in controversy threshold. Plaintiff's alleged period of unemployment from March 23, 2015 through approximately August 23, 2015 alone, yields a five-month period of unemployment resulting in a claim of more than $33,000 for back pay, exclusive of her claim for moving expenses, front pay, emotional distress, punitive damages, attorneys' fees, or any other damages. A "lengthy job search" of six and a half months following her move, would result in an additional loss of over $43,000,

6

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT    CASE NO. 8:18-cv-01566
UNDER U.S.C. §§ 1332, 1441(B), AND 1445 (DIVERSITY)

which results in a back pay claim of over $76,000 – exceeding the amount in controversy threshold and not including her claims for other types of damages.

12.     As described above, Plaintiff also seeks an unspecified amount of damages for exemplary and punitive damages and emotional distress. Emotional distress damages in a successful employment discrimination case may be substantial. *Thompson v. Big Lots Stores, Inc.*, No. 116CV01464LJOJLT, 2017 WL 590261, at *4 (E.D. Cal. Feb. 13, 2017) (stating that damage awards for emotional distress in analogous cases are often substantial, and describing discrimination cases in which plaintiffs were awarded $122,000 in one case and $65,000 in another case for emotional distress damages); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002) (discussing an employment discrimination case with a $3,500,000 award for pain and suffering). For example, in *Kroske v. U.S. Bank Corp.*, the Ninth Circuit held that the district court did not err in finding that the amount in controversy was met where the plaintiff's alleged lost wages amounted to about $55,000, finding that her emotional distress damages, for purposes of removal, would add at least an additional $25,000 to her claim. 432 F. 3d 976, 980 (9th Cir. 2005). Adding the emotional distress damages to the alleged wages owed, Plaintiff's claim, for purposes of removal, exceeds $100,000 before attorney's fees and punitive damages.

13.     For punitive damages, this district held that a conservative estimate of punitive damages is a 1:1 ratio with compensatory damages, although there is no set rule on how to calculate a potential award of punitive damages in connection with the

7

amount in controversy analysis at the time of removal. *Garfias v. Team Indus. Servs., Inc.*, 2017 WL 4512444, at *5 (C.D. Cal. Oct. 10, 2017) (*citing State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 424–426 (2003) and *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 718 [2009]). The 1:1 ratio has been described as "conservative" for purposes of assessing the amount in controversy requirement. *Id.* (*citing Guglielmino*, 506 F.3d at 698; *Zapata Fonseca v. Vigo Importing Co.*, 2016 WL 6249006, at *2 (N.D. Cal. Oct. 26, 2016) and *Bayol v. Zipcar, Inc.*, 2015 WL 4931756, at *9 [N.D. Cal. Aug. 18, 2015]). Plaintiff's damage claim is effectively doubled by virtue of the request for punitive damages for purposes of this removal.

14. Assuming for purposes of determining the amount in controversy that Plaintiff were to recover on even some of her claims, an award of attorney's fees could be included. Both of Plaintiff's claims are under the FEHA, which allows for the recovery of statutory attorney's fees in addition to the damages awarded on the underlying claims. *See* Gov't Code § 12965(b). In addition, under some circumstances a lodestar multiplier is available. *See Lota by Lota v. Home Depot U.S.A.*, Inc., 2013 WL 6870006, at *3 (N.D. Cal. Dec. 31, 2013); *Real v. Cont'l Grp., Inc.*, 653 F. Supp. 736, 739, 741 (N.D. Cal. 1987); *Sako v. Wells Fargo Bank. N.A.*, 2016 WL 2745346, at *2–3 (S.D. Cal. May 11, 2016).

15. Furthermore, this district has held that in a similar, standard employment action involving retaliation claims based on terminations, with damages pled for lost wages and emotional distress, an estimate of the attorney's fees at the time of

removal may exceed $30,000. *Garfias v. Team Indus. Servs., Inc.*, 2017 WL 4512444, at *7 (C.D. Cal. Oct. 10, 2017).

16. Altogether, based on the allegations set forth in the Complaint, taken at face value, the amount in controversy regarding conservative estimates for economic damages, emotional distress damages, punitive damages and attorney's fees exceeds the jurisdictional threshold. The amount has been met for purposes of removal.

### D. This Notice of Removal Is Timely.

17. This notice of removal is timely as it is filed within the thirty days of both Uniregistry and Derderian first receiving the Complaint. 28 U.S.C. § 1446(b) (requiring removal within thirty days of a defendant's receipt of a "pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable").

18. Counsel for Uniregistry certifies that in accordance with 28 U.S.C. § 1446(d), copies of this Notice of Removal will be served on Plaintiff's counsel and filed with the clerk of the Orange County Superior Court. (Jones Decl. ¶¶ 7-8).

### D. All Removal Requirements Have Been Met.

19. No previous application has been made for the relief requested herein. (Jones Decl., ¶ 9).

20. The prerequisites for removal under 28 USC § 1441 have been met.

21. The allegations of this notice are true and correct and within the jurisdiction of the United States District Court for the Central District of California.

9

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT   CASE NO. 8:18-cv-01566
UNDER U.S.C. §§ 1332, 1441(B), AND 1445 (DIVERSITY)

22. If any question arises as to the proprietary of removing this action, Uniregistry requests the opportunity to present a written brief and oral argument in support of its position that the case is removable. Defendant further reserves the right to amend or supplement this Notice of Removal.

Dated: August 31, 2018         **DUANE MORRIS LLP**

By:  /s/ *Allegra A. Jones*
Lorraine P. Ocheltree
Allegra A. Jones
Attorneys for Defendants
UNIREGISTRY, INC and SEVAN DERDERIAN