# **EXHIBIT 2**

**EXHIBIT 2**
**13**

WILLIAM M. CROSBY (SBN: 49357)
13522 Newport Avenue, Suite 201
Tustin, CA 92780
Telephone: (714) 544-2493
Facsimile: (714) 544-2497
Email: wcrosby@wcrosbylaw.com

Attorney for Plaintiff
NATALIE LAMBERT

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

07/24/2018 at 03:14:29 PM

Clerk of the Superior Court
By Mary M Johnson, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE

| | |
|---|---|
| NATALIE LAMBERT, | CASE NO. 30-2018-01007644-CU-OE-CJC |
| Plaintiff, | Judge Theodore Howard |
| v. | COMPLAINT FOR SEXUAL HARASSMENT (GOV. CODE, § 12940(j)); RETALIATION (GOV. CODE, § 12940(h)); JURY TRIAL DEMAND |
| UNIREGISTRY, INC., a Delaware corporation; SEVAN DERDERIAN; DOES I through X, inclusive, | |
| Defendants. | |

Plaintiff alleges:

## SUMMARY OF CLAIMS

1. This is an action for damages by plaintiff against her former employer and supervisor based on an egregious bad faith course of conduct in which plaintiff was harassed, belittled, humiliated and sabotaged in her work duties based on her gender, and was subject to adverse action, including termination, because she engaged in the protected activity of protesting such harassment. Plaintiff seeks

1

COMPLAINT FOR SEXUAL HARASSMENT (GOV. CODE, § 12940(j)); RETALIATION (GOV. CODE, § 12940(h)); JURY TRIAL DEMAND

EXHIBIT 2
14

compensatory damages, including economic damages for past and future loss of earnings and benefits, general damages for emotional distress, punitive damages, and statutory attorneys' fees.

## PARTIES

2. At all times herein mentioned plaintiff NATALIE LAMBERT (hereinafter "plaintiff") was a resident of the State of California. Since July of 2015, plaintiff has resided in Palm Beach County, Florida.

3. Plaintiff is informed and believes and based on such information and belief alleges that at all times herein mentioned defendant UNIREGISTRY, INC. (hereinafter "UNIREGISTRY") was and is a Delaware corporation engaged in business as an internet domain platform, with its principal place of business located in the County of Orange, State of California.

4. Plaintiff is further informed and believes and based on such information and belief alleges that at all times herein mentioned defendant SEVAN DERDERIAN (hereinafter "DERDERIAN") was and is a resident of the County of Los Angeles, State of California.

5. Plaintiff is unaware of the true names and capacities, whether corporate, associate, individual, or otherwise, of defendants named as DOES I through X, inclusive. Pursuant to Code of Civil Procedure Section 474, plaintiff will seek leave of court to amend this complaint to state said defendants' true names and capacities when the same have been ascertained. Plaintiff is informed and believes and based upon such information and belief alleges that said fictitiously-named defendants are responsible in some manner for the

2

COMPLAINT FOR SEXUAL HARASSMENT (GOV. CODE, § 12940(j)); RETALIATION (GOV. CODE, § 12940(h)); JURY TRIAL DEMAND

EXHIBIT 2

15

injury and damages to plaintiffs as further hereinafter alleged.

## AGENCY

6. Plaintiff is informed and believes and upon such information and belief alleges that defendants, and each of them, at all times herein mentioned were the agents, employees, servants, joint venturers, and/or co-conspirators of the remaining defendants, and were acting in the course and scope of such agency, employment, joint venture, and/or conspiracy; that defendants, and each of them, were doing the things herein alleged, were the actual and/or ostensible agents of the remaining defendants and were acting within the course and scope of said agency; and that each and every defendant, as aforesaid, when acting as a principal, was negligent in selecting, hiring, supervising and continuing the employment of each and every defendant as an agent, employee or joint venturer; and/or that said defendants approved, supported, participated in, authorized, and/or ratified the acts and/or omissions of said employees, agents, servants, conspirators, and/or joint venturers.

## FACTS

### Plaintiff's Competent Performance in the Internet Domain Industry, and Hire by Defendant UNIREGISTRY:

7. At all material times, plaintiff has been a single woman, dependent on herself for her livelihood. For the approximate ten year period prior to her hire by defendant UNIREGISTRY, plaintiff had been employed in sales and executive sales positions in the internet domain industry. She maintained an excellent reputation, and had never been subject to significant criticisms regarding her sales performance or

3

COMPLAINT FOR SEXUAL HARASSMENT (GOV. CODE, § 12940(j)); RETALIATION (GOV. CODE, § 12940(h)); JURY TRIAL DEMAND

**EXHIBIT 2**
16

1. terminated for cause.

2. 8. In August of 2014, plaintiff had been employed for approximately one year as a Senior Account Executive for Muses and Visionaries, a high end women's publication. At that time she learned of an opening for Director of Business Development at defendant UNIREGISTRY. Plaintiff was familiar with Frank Schilling ("Schilling"), its CEO, and contacted him regarding possible employment. Following a number of communications, emails and conversations, on or about August 28, 2014 plaintiff was offered a position with defendant UNIREGISTRY as Director of Business Development. Plaintiff was expressly assured that her focus would be outside sales. She was offered a base salary of $80,000.00, with commissions at an amount to be determined.

Defendant DERDERIAN's Sexual Harassment of Plaintiff:

9. From the outset of plaintiff's employment with defendant UNIREGISTRY, she experienced offensive and unwelcome harassment based primarily on her gender by her Supervisor, defendant DERDERIAN, Vice President of Sales. This consisted of, but was not limited to the following:

a) At a domain name conference nearly immediately after plaintiff started her employment, listing plaintiff as his "spouse" at the hotel at which the conference was being held;

b) Telling plaintiff that she was "hot" and should put her picture on her emails to help get clients;

c) Telling plaintiff that she should spend time with him outside of work to assist him in "getting women;"

4

COMPLAINT FOR SEXUAL HARASSMENT (GOV. CODE, § 12940(j)); RETALIATION (GOV. CODE, § 12940(h)); JURY TRIAL DEMAND

EXHIBIT 2
17

1    d) On multiple occasions describing his and other executives'
2 activities of throwing money at strippers in strip clubs;
3    e) Watching call girl and escort websites on his work computer
4 and tilting the screen in plaintiff's direction to attempt to get
5 plaintiff to watch pictures of nearly nude women; and,
6    f) Sending texts to plaintiff stating, "text me and I'll send you
7 a naughty picture that I just took."
8    10.   In addition to his sexually offensive conduct toward
9 plaintiff, defendant DERDERIAN also engaged in a pattern of harassment
10 and intimidation toward plaintiff in an apparent attempt to
11 demonstrate his power and control. This included, but was not limited
12 to the following:
13    a) Micro managing plaintiff in the details of her daily work,
14 such as demanding that he see all emails that she sent out;
15    b) Denying plaintiff the use of brand new computers which were
16 made available to the other male sales people, and requiring plaintiff
17 to use an old computer;
18    c) Frequently changing plaintiff's password on her work email,
19 thereby sabotaging her performance by preventing her from sending and
20 receiving necessary emails;
21    d) Threatening to fire plaintiff for handling a sales lead that
22 had been given to her by the CEO;
23    e) Restricting plaintiff's access from the customer database;
24    f) Preventing plaintiff from leaving the office to meet clients
25 in the field;
26 ///
27                                  5
28 COMPLAINT FOR SEXUAL HARASSMENT (GOV. CODE, § 12940(j)); RETALIATION
   (GOV. CODE, § 12940(h)); JURY TRIAL DEMAND

**EXHIBIT 2**
**18**

g) Failing to inform plaintiff of promotional rates which would have facilitated her sales; and

h) Denying plaintiff the use of a promised company phone for two months.

<u>Defendant UNIREGISTRY's Adverse Actions Toward Plaintiff in Retaliation for Plaintiff's Having Engaged in the Protected Activity of Protesting Such Harassment</u>:

11. Beginning in mid November of 2014, plaintiff complained to Schilling and to other members of the upper management of defendant UNIREGISTRY regarding defendant DERDERIAN's sexual and gender based harassment. This included a formal written complaint dated November 19, 2014 to Schilling, in which plaintiff described defendant DERDERIAN's abusive, offensive and retaliatory conduct, such as threatening plaintiff that he would "make her job very difficult" if she went above him with her complaints.

12. Plaintiff also complained to Michael Ward ("Ward"), Director of Operations, regarding defendant DERDERIAN's abusive and harassing conduct. Ward observed this behavior on at least one occasion, and advised defendant DERDERIAN to "knock it off and leave her alone!" However, no remedial action was taken despite plaintiff's complaints.

13. In December of 2014, plaintiff became aware that over 21 fraudulent online credit applications with various credit card companies had been submitted in her name. Plaintiff obtained copies of her credit report and filed complaints with the Boynton Beach Police Department and the Laguna Beach Police Department. Plaintiff also advised Francisco Obispo ("Obispo"), Chief Technology Officer,

6

COMPLAINT FOR SEXUAL HARASSMENT (GOV. CODE, § 12940(j)); RETALIATION (GOV. CODE, § 12940(h)); JURY TRIAL DEMAND

EXHIBIT 2
19

1 and Bret Fausett ("Fausett"), General Counsel, that she believed that
2 defendant DERDERIAN was responsible for these applications and that he
3 had invaded her right of privacy. Plaintiff was told that there would
4 be an investigation regarding this issue; however no investigation was
5 conducted to plaintiff's knowledge.

6     14. On December 24, 2014, plaintiff noted that her personal
7 information had been used without her consent to set up a fraudulent
8 credit monitoring service. Again plaintiff complained to Obispo, to
9 no avail. Thereafter, plaintiff learned that fraudulent address
10 changes had been made to her credit report. Plaintiff complained to
11 Obispo regarding this, however no investigation was conducted.

12     15. In January of 2015, plaintiff noted that her access to the
13 customer database had been restricted by defendant DERDERIAN,
14 preventing her from accessing customer leads. Plaintiff met with
15 Fausett regarding this issue, again to no avail. Fausett told
16 plaintiff, "different managers have different styles."

17     16. In January of 2015, approximately one month after the
18 initial fraudulent credit applications had been submitted in
19 plaintiff's name, plaintiff discovered that another fraudulent credit
20 application had been submitted approximately one day after plaintiff's
21 complaint to the management of defendant UNIREGISTRY regarding her
22 belief that this had been done by defendant DERDERIAN. Again, there
23 was no investigation conducted.

24 ///
25 ///
26 ///

27     7

28 COMPLAINT FOR SEXUAL HARASSMENT (GOV. CODE, § 12940(j)); RETALIATION (GOV. CODE, § 12940(h)); JURY TRIAL DEMAND

**EXHIBIT 2**
20

17. At a domain conference in mid January of 2015, plaintiff received a text message from defendant DERDERIAN with offensive sexual content. Plaintiff showed the message to Obispo, again to no avail. There was no investigation conducted.

18. In February of 2015, plaintiff noted that a number of customer leads had been taken from her sales lead list and were given to defendant DERDERIAN. Plaintiff brought this to the attention of Vern Jurovich ("Jurovich"), COO. Jurovich acknowledged that it was not right, but took no remedial action.

19. In March of 2015, defendant DERDERIAN allocated only 14 out of approximately 300 sales leads to plaintiff. The remaining sales leads were taken by defendant DERDERIAN and given to plaintiff's male counterparts. Plaintiff brought this to the attention of Jurovich, and once again no remedial action was taken.

20. On March 23, 2015, plaintiff was invited by Ward to participate in a Skype call. During this call, Ward told plaintiff, "today is your last day. Your numbers did not meet expectations." Plaintiff had never been given any sales quotas, and Ward gave no other explanation for her termination.

21. Plaintiff experienced severe depression, anxiety, insomnia and severe mental and emotional distress as a result of her termination. Despite a diligent job search, plaintiff was unable to find employment in Southern California. Plaintiff was compelled to incur moving expenses, and moved to Florida in August of 2015. Plaintiff ultimately found other employment following a lengthy job search, however earning less income than she had made with defendant

8

COMPLAINT FOR SEXUAL HARASSMENT (GOV. CODE, § 12940(j)); RETALIATION (GOV. CODE, § 12940(h)); JURY TRIAL DEMAND

**EXHIBIT 2**

UNIREGISTRY.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

22. On January 19, 2016, plaintiff filed a complaint against defendants with the Department of Fair Employment and Housing ("DFEH"). Plaintiff's complaint was co-filed with the DFEH and the EEOC. A copy thereof is attached hereto as **Exhibit A**. Thereafter on February 6, 2018, the DFEH issued a "right to sue" letter following the completion of the EEOC investigation. A copy thereof is attached hereto as **Exhibit B**. Plaintiff has therefore exhausted her administrative remedies as a precondition to filing this claim.

## FIRST CAUSE OF ACTION

(Sexual Harassment (Gov. Code, § 12940(j))
Against Defendants DERDERIAN and UNIREGISTRY)

23. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 22 as if set forth in full.

24. By virtue of the conduct described at paragraphs 9(a) through 9(f) above, defendant DERDERIAN, individually and in his managerial capacity on behalf of defendant UNIREGISTRY, created a hostile and offensive work environment for plaintiff based on plaintiff's gender, and sexually harassed plaintiff, in violation of Government Code, § 12940(j). Said conduct was unwelcome and offensive to plaintiff. Pursuant to the "continuing violation" doctrine, plaintiff's claims should be deemed timely filed with respect to all such harassment. Richards v. CH2M Hill, Inc. (2001) 26 Cal.4th 798.

///

///

9

COMPLAINT FOR SEXUAL HARASSMENT (GOV. CODE, § 12940(j)); RETALIATION (GOV. CODE, § 12940(h)); JURY TRIAL DEMAND

EXHIBIT 2

22

25. As a direct and proximate result of said sexual harassment, plaintiff sustained general damages for severe mental and emotional distress in sums prayed.

26. Defendant DERDERIAN acted with malice and oppression toward plaintiff and with conscious and wanton disregard of plaintiff's rights, and defendant DERDERIAN's conduct was impliedly authorized by defendant UNIREGISTRY by its failure to take remedial action despite plaintiff's complaints. Defendants DERDERIAN and UNIREGISTRY should therefore be assessed punitive and exemplary damages in sums sufficient to punish them and set an example in view of their respective financial conditions.

27. Plaintiff is further entitled to an award of statutory attorneys' fees pursuant to Government Code, § 12965(b).

## SECOND CAUSE OF ACTION

(Retaliation (Gov. Code, § 12940(h))
Against Defendant UNIREGISTRY)

28. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 22 as if set forth in full.

29. By virtue of the conduct described at paragraphs 11 through 20 above, defendant UNIREGISTRY engaged in conduct that materially affected the terms and conditions of plaintiff's employment, thereby constituting adverse actions, including but not limited to terminating plaintiff for false and pretextual reasons. A substantial motivating factor in the decision to terminate plaintiff was retaliatory animus based on plaintiff's having engaged in the protected activity of complaining about sexual harassment, in violation of Government Code,

COMPLAINT FOR SEXUAL HARASSMENT (GOV. CODE, § 12940(j)); RETALIATION (GOV. CODE, § 12940(h)); JURY TRIAL DEMAND

**EXHIBIT 2**

1 § 12940(h).

2  30. As a direct and proximate result of said retaliation, plaintiff sustained economic damages for past and future loss of earnings and benefits, moving expenses, and additional consequential damages, according to proof.

6  31. As a further direct and proximate result of said retaliation, plaintiff sustained general damages for severe mental and emotional distress in sums prayed.

9  32. Defendant UNIREGISTRY acted with malice and oppression toward plaintiff and with conscious and wanton disregard of plaintiff's rights, and defendant UNIREGISTRY should therefore be assessed punitive and exemplary damages in sums sufficient to punish it and set an example in view of its financial condition.

14  33. Plaintiff is further entitled to an award of statutory attorneys' fees pursuant to Government Code, § 12965(b).

### PRAYER

WHEREFORE plaintiff prays judgment against defendants as follows:

<u>As to the First Cause of Action</u>:

1. For general damages, according to proof;
2. For punitive damages, according to proof;
3. For statutory attorneys' fees.

<u>As to the Second Cause of Action</u>:

1. For economic damages, according to proof;
2. For general damages, according to proof;
3. For punitive damages, according to proof;
4. For statutory attorneys' fees.

11

COMPLAINT FOR SEXUAL HARASSMENT (GOV. CODE, § 12940(j)); RETALIATION (GOV. CODE, § 12940(h)); JURY TRIAL DEMAND

**EXHIBIT 2**
24

**As to Both Causes of Action:**

1. For costs of suit incurred;
2. For such further relief as the Court deems proper.

Dated: July 24, 2018

WILLIAM M. CROSBY
Attorney for Plaintiff
NATALIE LAMBERT

## JURY TRIAL DEMAND

Plaintiff NATALIE LAMBERT hereby demands trial by jury of the above cause.

Dated: July 24, 2018

WILLIAM M. CROSBY
Attorney for Plaintiff
NATALIE LAMBERT

12

COMPLAINT FOR SEXUAL HARASSMENT (GOV. CODE, § 12940(j)); RETALIATION (GOV. CODE, § 12940(h)); JURY TRIAL DEMAND

**EXHIBIT 2**

# EXHIBIT A

**EXHIBIT 2**
**26**

Jan 15 16 05:10p    DICK LAMBERT, RPI    561.732.0000    p.2

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA <br> ☒ EEOC | 480-2015-03412 |

| California Department Of Fair Employment & Housing | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Natalie Lambert | (561) 292-8587 | |

| Street Address | City, State and ZIP Code |
|---|---|
| Po Box 4176, Boynton Beach, FL 33424 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| UNIREGISTRY, INC | 15 - 100 | (949) 247-6707 |

| Street Address | City, State and ZIP Code |
|---|---|
| 2161 San Joaquin Hills Rd;, Newport Beach, CA 92658 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☒ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 03-23-2015   Latest: 03-23-2015

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. I have been employed by Uniregistry since on or about October 2014, most recently as the Director of Business Development. Since hired I have been constantly harassed by Sevan Derderian (Sevan) in that he often prevented me from doing my job, and I was told by Sevan that I should put a pic of me in my email because I was hot and that it would help me get business, told by various co-workers about trips they took to strip clubs. On or about November 2014, I complained to Frank Schilling (CEO) about Sevan and nothing was done. Subsequently Sevan found out and threatened me by telling me he was going to make my job very difficult. I have also been subjected to different terms and conditions of employment in that when I was at a conference in Las Vegas I was not advised of a special rate that I could have used to increase my sales. I also feel that the laptop that was given to me (originally Sevan's) had tracking software and my personal passwords and private information was collected. This was in turn used to antagonize me by Sevan when he would use my password in awkward sentences,

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Dec 17, 2015

*Charging Party Signature*

NOTARY — When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

JAN 19 2016

EEOC/LADO INTAKE

**EXHIBIT 2**

27

Jan 15 16 05:10p  DICK LAMBERT, KPI  661.792.0000  p.3

| EEOC Form 5 (11/09) | | |
|---|---|---|
| **CHARGE OF DISCRIMINATION** This form is affected by the Privacy Act of 1974. See enclosed Privacy Act statement and other information before completing this form. | Charge Presented To: ☐ FEPA ☒ EEOC | Agency(ies) Charge No(s): 480-2015-03412 |
| California Department Of Fair Employment & Housing | | and EEOC |
| State or local Agency, if any | | |

letting me know that he knew my information. On or about Mach 23, 2015, I was discharged.

II. No reason was given to me for the above acts of discrimination.

III. I believe I have been discriminated against due to my sex (female), in retaliation for complaining to Frank Schilling in Nov 2014, and because of my disability, which are in violation of Title VII of The Civil Rights Act of 1964, as amended and the Americans with Disabilities Act of 1990, as amended.

RECEIVED
JAN 15 2016
EEOC/LADO
INTAKE

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. I declare under penalty of perjury that the above is true and correct. [signature] Dec 17, 2015 Date Charging Party Signature | NOTARY – When necessary for State and Local Agency Requirements I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
|---|---|

**EXHIBIT 2**
28

# EXHIBIT B

**EXHIBIT 2**
**29**

EEOC Form 151 (11/16)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Natalie Lambert
P O Box 4176
Boynton Beach, FL 33424

From: Los Angeles District Office
255 E. Temple St. 4th Floor
Los Angeles, CA 90012

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 480-2015-03412 | Jacqueline Escobar, Investigator | (213) 894-1000 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

- NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

Enclosures(s)

Rosa M. Viramontes,
District Director

2-6-18
(Date Mailed)

cc: Stacey Judah, Paralegal
Scott Wagner and Associates, P.A.
250 S. Central Blvd. #104A
Jupiter, FL 33458

Lori Ochaitree, Esq.
Duane Morris, LLP
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA 94105-1127

**EXHIBIT 2**
30



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | Videophone 916-226-5285 | TTY 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

GOVERNOR EDMUND G. BROWN JR.
DIRECTOR PHYLLIS W. CHENG

Frank Schilling
Chief Executive Officer
UNIREGISTRY, INC
4640 Admiralty Way Floor 5
Marina Del Rey, CA 90292

EEOC Number: 480-2015-03412C
Case Name: Natalie Lambert
Filing Date: January 19, 2016

## NOTICE TO COMPLAINANT AND RESPONDENT

This is to advise you that the above-referenced complaint is being dual filed with the California Department of Fair Employment and Housing (DFEH) by the U.S. Equal Employment Opportunity Commission (EEOC). The complaint will be filed in accordance with California Government Code section 12960. This notice constitutes service pursuant to Government Code section 12962.

The EEOC is responsible for the processing of this complaint and the DFEH will not be conducting an investigation into this matter. Please contact EEOC directly for any discussion of the complaint or the investigation.

## NOTICE TO COMPLAINANT OF RIGHT TO SUE

This letter is also your Right to Sue notice. **This Right to Sue Notice allows you to file a private lawsuit in State court.** According to Government Code section 12965, subdivision (b), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The lawsuit may be filed in a State of California Superior Court. Government Code section 12965, subdivision (b), provides that such a civil action must be brought within one year from the date of this notice. Pursuant to Government Code section 12965, subdivision (d)(1), this one-year period will be tolled during the pendency of the EEOC's investigation of your complaint. You should consult an attorney to determine with accuracy the date by which a civil action must be filed. This right to file a civil action may be waived in the event a settlement agreement is signed.

Be advised, the DFEH does not retain case records beyond three years after a complaint is filed.

DFEH-200-02 (07/13)

**EXHIBIT 2**
31