1   Lorraine P. Ocheltree (SBN 151791)
    lpocheltree@duanemorris.com
2   Allegra A. Jones (SBN 236518)
    aajones@duanemorris.com
3   **DUANE MORRIS LLP**
    Spear Tower
4   One Market Plaza, Suite 2200
    San Francisco, CA 94105-1127
5   Telephone:  +1 415 957 3000
    Facsimile:   + 1 415 957 3001
6
7   Brooke B. Tabshouri (SBN 279145)
    bbtabshouri@duanemorris.com
8   **DUANE MORRIS LLP**
    750 B Street, Suite 2900
9   San Diego CA 92101-4681
    Telephone:  +1 619 744 2200
10  Facsimile:   + 1 619 744 2201

11  Attorneys for Defendants
    UNIREGISTRY, INC. and SEVAN DERDERIAN
12

13              **UNITED STATES DISTRICT COURT**

14              **CENTRAL DISTRICT OF CALIFORNIA**

15              **(SOUTHERN DIVISION - SANTA ANA)**

16

17  NATALIE LAMBERT,                    Case No. 8:18-cv-01566-JLS-JDE

18          Plaintiff,
                                        **DEFENDANTS UNIREGISTRY,**
19      v.                              **INC.'S AND SEVAN**
                                        **DERDERIAN'S MEMORANDUM**
20  UNIREGISTRY, INC., a Delaware       **OF POINTS AND AUTHORITIES**
    corporation; SEVAN DERDERIAN,       **IN SUPPORT OF MOTION FOR**
21                                      **SUMMARY JUDGMENT**
          Defendants.
22                                      Date:  November 15, 2019
23                                      Time: 10:30 a.m.
                                        Dept.: Courtroom 10A, 10th Floor
24
                                        (Orange County Superior Court, Case
25                                      No. 30-2018-01007644-CU-OE-CJC)

26

27

28

# TABLE OF CONTENTS

Page No(s).

Page

I.    INTRODUCTION ........................................................................1

II.   PROCEDURAL HISTORY AND RELEVANT FACTS .........................2

    A.    Plaintiff's Brief Employment with Uniregistry...............................2

    B.    Plaintiff filed an administrative charge and rights to sue were issued ........................................................................................3

    C.    Defendants Did Not Receive Any Communications From Any Administrative Agency .................................................................5

    D.    The Delayed Delivery of Information About Plaintiff's Claims.....6

    E.    Uniregistry Objected To the EEOC's Attempt to Reconsider The Long Dismissed Charge As the Statute of Limitations Had Passed ........................................................................................7

    F.    Plaintiff's Long Delayed Lawsuit – Filed July 24, 2018. ...............8

    G.    Substantial Prejudice to Defendants Caused By the Delay ...........9

    H.    Plaintiff's Discovery Responses Offer No Credible Explanation For Missing the Statutory Deadline to Sue......................................10

    I.    Defendant Derderian's Lack of Notice of Administrative Charge ......................................................................................10

    J.    The Parties' Counsel Satisfied the Meet-And-Confer Requirement and Have Not Informally Resolved The Issues Raised in This Motion ..................................................................10

III.   ARGUMENT ...........................................................................11

    A.    Summary Judgment Is Appropriate to Dispose of Meritless Employment Claims....................................................................11

    B.    Plaintiff's Claims Against Both Uniregistry and Derderian Are Time-Barred ................................................................................12

    C.    Severe Prejudice Suffered By Defendants Warrants Dismissal...18

        1.    Plaintiff's Suggestion that the Continuing Violation Doctrine Tolled the Statute of Limitations Is Baseless ........................22

    D.    Plaintiff Missed The Deadline For Filing Her Lawsuit On the Retaliation Claim As The EEOC Did Not Reopen That Claim....22

    E.    Defendant Derderian Should Be Dismissed from this Action Because Plaintiff Failed to Exhaust Her Administrative

i

**Remedies, As She Failed to Name Him as a Defendant in the Administrative Charge And Doctrine of Laches Should Apply ...22**

**IV.    CONCLUSION ............................................................................25**

ii

# TABLE OF AUTHORITIES

Page No(s).

**Federal Cases**

*Albemarle Paper Co. v. Moody*
   422 U.S. 405, 95 S. Ct. 2362, 45 L.Ed.2d 280 (1975) ............................................. 18

*Anderson v. Liberty Lobby, Inc.*
   477 U.S. 242 (1986)........................................................................................................ 11

*Boone v. Mechanical Specialties Co.*
   609 F.2d 956 (9th Circ. 1979) ................................................................................... 18

*Celotex Corp. v. Catrett*
   477 U.S. 317 (1986)........................................................................................................ 11

*Chapman v. SF Newspaper Agency*
   2002 WL 31119944 (N.D. Cal. 2002) ....................................................................... 13

*Fort Bend Cnty., TX v. Davis*
   139 S. Ct. 1843 (2019)................................................................................................... 12

*G and G Productions LLC v. Rusic*
   902 F.3d 940 (9th Cir. 2018) ....................................................................................... 12

*Gonzalez v. Firestone Tire & Rubber Co.*
   610 F.2d 241 (5th Cir. 1980) ..................................................................................16-17

*Ledbetter v. Goodyear Tire & Rubber Co.*
   550 U.S. 618 (2007)........................................................................................................ 12

*Lute v. Singer*
   678 F.2d 844 (9th Circ. 1982) ...............................................................................12, 16-18

*Mandurrago v. Int'l Paper Co.*
   2016 WL 1382875 (E.D. Cal. 2016) ......................................................................... 13

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*
   475 U.S. 574 (1986)........................................................................................................ 11

*McCullough v. Xerox Corp.*
   No. 13-cv-04596-HSG, 2015 WL 5769620 (N.D. Cal. Oct. 2, 2015) ................... 13

*Obaseki v. Fannie Mae*
    840 F.Supp.2d 341 (D.D.C. 2012) .......................................................................... 18

*Payan v. Aramark Management Services Ltd. Partnership*
    495 F.3d 1119 (9th Cir. 2007) ............................................................................... 13

*Polk v. OSI Electronics, Inc.*
    2014 WL 12787639 (C.D. Cal., 2014) ................................................................... 25

*Scholar v. Pac. Bell*
    963 F.2d 264 (9th Cir. 1992) ................................................................................. 13

*Scott v. Gino Morena Enterprises, LLC*
    888 F.3d 1101 (9th Cir. 2018) ............................................................................... 12

*Stamper v. Duval Cnty. School Bd.*
    863 F.3d 1336 (11th Cir. 2017) ........................................................................16-18

*Trujillo v. Gen.l Elec. Co.*
    621 F.2d 1084 (10th Cir. 1980) ........................................................................16-17

*Wagner v. Wal-Mart Stores, Inc.*
    No. 13-cv-03475-NJV, 2013 WL 5645169 (N.D. Cal. Oct. 16, 2013) ................... 13

**California Cases**

*Baker v. Children's Hospital Medical Center* (1989)
    209 Cal.App.3d 1057 (1989) ................................................................................. 23

*Cole v. Antelope Valley Union High School Dist.*, (1996)
    47 Cal.App.4th 1505 ..........................................................................................24-25

*Hall v. Goodwill Indus. of Southern Calif.*, (2011)
    193 Cal.App.4th 718 ............................................................................................. 13

*Okoli v. Lockheed Technical Ops., Inc.*, (1995)
    36 Cal.App.4th 1607 ............................................................................................. 23

*Richards v. CH2M Hill, Inc.*, (2001)
    26 Cal.4th 798 ....................................................................................................... 22

*Valdez v. City of Los Angeles* (1991)
    231 Cal.App.3d 1043 ..........................................................................................23-25

iv

*Williams v. Pac. Mut. Life Ins. Co.,* (1986)
    186 Cal.App.3d 941 ......................................................................... 13

*Yirk v. Superior Court* (1985)
    209 Cal.App.3d 1116 ....................................................................... 23

**Federal Statutes**

42 USC § 2000e-5(e)(1) ....................................................................... 19

42 USC § 20000e-5(f)(1) ...................................................................... 13

**State Statutes**

Cal. Gov. Code § 12960 ........................................................................ 23

Cal. Gov.Code § 12962(c) ..................................................................... 12

Gov.Code §§ 12960, 12965(b) .............................................................. 23

Gov.Code § 12965(b) ..................................................................... 13, 23-24

Gov.Code § 12965(d)(2) ....................................................................... 14

Gov. Code § 12965, subd. (b) ................................................................. 4

Gov. Code § 12965, subd. (d)(1) ............................................................. 4

**Rules**

L.R. No. 7-3 ........................................................................................ 11

Rule 56 .............................................................................................. 11

**Regulations**

29 C.F.R. § 1601.19(b) ......................................................................... 17

29 C.F.R. § 1601.21(b)(1) ..................................................................... 15

29 C.F.R. § 1601.21(b)(2) .................................................................. 15, 17

29 C.F.R. § 1601.25 ............................................................................. 15

29 C.F.R. § 1601.28 ............................................................................. 16

29 C.F.R. § 1601.28(a)(1) ............................................................................................. 15

## I.     INTRODUCTION

Four and a half years ago, Plaintiff Natalie Lambert was terminated from her employment with Defendant Uniregistry, Inc. ("Uniregistry") for performance reasons, having worked at the company less than five months and after being warned of poor performance. Six months later she consulted with an attorney and filed an administrative claim with the U.S. Equal Employment Opportunity Commission ("EEOC"), which was dual-filed with the California Department of Fair Employment and Housing ("DFEH"). Each agency dismissed the matter and issued a notice of rights a.k.a. "right-to-sue notice," expressly advising of the strict time limits for filing a lawsuit. Plaintiff admitted to receiving those notices. Plaintiff was warned subsequently by the EEOC that the deadline would not be extended by any reopening of her charge, and she indicated that she understood.

Plaintiff missed the deadline to file a lawsuit – by a year and a half. Her failure to timely file this action justifies summary dismissal of the entire action. The delay caused severe prejudice to both Uniregistry and Sevan Derderian as neither of them were made aware of any of Plaintiff's allegations until several years after she left the company; neither had received notice of the administrative proceedings. By the time information about the claims was received, numerous employees identified by Plaintiff as having worked with her, including her supervisor and others in sales, had left the company. One critical witness could not be found and one has died. The memories of the witnesses who remain have significantly faded and documents are more difficult to locate.

Even assuming *arguendo* the statute of limitations had not passed, Defendant Derderian should be dismissed from this action because he was never named as a defendant in the administrative charge, he did not receive notice of that charge, and was not made aware of any of the allegations until this action was filed. Plaintiff failed to exhaust her administrative remedies as to Derderian, which raises concerns of fundamental fairness and violation of due process.

1

Based on the applicable statute of limitations and Plaintiff's failure to adequately exhaust administrative remedies as required, there is no legal or factual basis on which to maintain any of Plaintiff's claims. Defendants therefore respectfully request judgment in their favor on both claims in this untimely and unfounded action.

## II.   PROCEDURAL HISTORY AND RELEVANT FACTS

### A.   Plaintiff's Brief Employment with Uniregistry

Defendant Uniregistry, Inc. provides technical and marketing services in the field of internet domain name registrations. (Declaration of Frank Schilling at ¶3.) Plaintiff was hired by Uniregistry as the Director of Business Development and began work in October of 2014. (SUF 2, Declaration of Allegra A. Jones, Ex. A [Deposition of Natalie Lambert ("Lambert Dep.")] at 100:17-18; Schilling Dec., ¶4.) She worked in the company's Newport Beach, California office. (Lambert Dep., 53:5-11; Schilling Dec., ¶4.) In deposition, Plaintiff acknowledged that her job duties and responsibilities consisted of bringing in new business, cold calling new sales, opportunities, and selling to new potential customers for internet domain registration services. (Lambert Dep., 114:8-19.)

In early March 2015, Plaintiff was advised in writing that she was not performing up to expectations. (Declaration of Sevan Derderian, ¶2, Ex. A.) She was advised that the number of domain names she had brought in to date fell far below the company's expectations, and there were concerns about her level of knowledge about the domain name industry, and her willingness or ability to master core concepts related to her job, among other things. (Derderian Dec., Ex. A.) Plaintiff's employment was terminated later than month. (SUF 3, Lambert Dep., 145:2-19 and Ex. 15].) Plaintiff's last work day was March 23, 2015 and she was paid through the end of the month. (SUF 3, Lambert Dep., 145:2-19 and Ex. 15.) Uniregistry confirmed in writing that the decision to end her employment was made because she had not been achieving the level of sales to meet expectations. (Schilling Dec., ¶6,

2

Ex. A.) Plaintiff did not speak to anyone from Uniregistry after she left her employment. (Lambert Dep., 35:7-11.)

**B.    Plaintiff filed an administrative charge and rights to sue were issued**

In September of 2015, approximately six months after leaving her employment, Plaintiff consulted with and paid attorneys Scott Wagner and Associates. (Lambert Dep., 43:10-44:1.) On September 22 or 23, 2015, she sent letters to the EEOC alleging she had been wrongfully terminated due to retaliation and discrimination. (SUF 4, Lambert Dep., 256:7-11.)

On or about December 17, 2015, the EEOC sent a letter to Plaintiff enclosing a Charge of Discrimination summarizing her claims based on information she provided. (Lambert Dep., 258:21-259:12 and Ex. 41.) The EEOC instructed Plaintiff to sign and return the charge within 30 days and further informed her it would send a copy of the charge to the California DFEH after it received her signed form. (Lambert Dep., 258:21-259:12 and Ex. 41.) In January 2016, Plaintiff sent the EEOC a signed Charge of Discrimination, stamped received by the EEOC on January 19, 2016. (SUF 5, Lambert Dep., 259:22-260:20 and Ex. 43.) That charge named only Uniregistry, Inc. – and not Sevan Derderian. (SUF 5.)

On or about January 19, 2016, the charge was dual-filed with the DFEH, and Plaintiff received a Notice to Complainant and Respondent and Notice to Complainant of Right to Sue ("DFEH Right to Sue"). (SUF 6, Jones Dec., ¶3, Ex. B [Plaintiff's Response to Uniregistry's First Set of Interrogatories ("Uniregistry Interrogatories"), No. 5, and Plaintiff's Response to Derderian's First Set of Interrogatories ("Derderian Interrogatories"), No. 18].) Plaintiff did not directly file a claim with the DFEH. (SUF 6, Jones Dec., Ex. B, [Uniregistry Interrogatories] No. 5; Lambert Dep., 270:14-19.)

The DFEH Right to Sue stated that the EEOC complaint was being dual-filed with the DFEH, the EEOC was responsible for the processing of the complaint, and the DFEH would not be conducting an investigation. (Lambert Dep., 265:17-23 and

3

Ex. 45.) The Right to Sue expressly stated:

> **<u>This Right to Sue Notice allows you to file a private lawsuit in State court</u>**. [Emphasis in original.] According to Government Code section 12965, subdivision (b), you may bring a civil action under the provisions of the Fair Employment and Housing Act against ***the person, employer,*** labor organization or employment agency named in the above-referenced complaint. [Emphasis added.] The lawsuit may be filed in a State of California Superior Court. Government Code Section 12965, subdivision (b) provides that **such action must be brought within one year from the date of this notice.** Pursuant to Government Code section 12965, subdivision (d)(1), this one-year period will be tolled during the pendency of the EEOC's investigation of your complaint. You should consult an attorney to determine with accuracy the date by which a civil action must be filed. … [Emphasis added.]

Based on the express language of the DFEH Right-to-Sue, Plaintiff had one year, i.e., until January 17, 2017 to file a lawsuit in state court. The EEOC closed its file and on February 1, 2016, a Dismissal and Notice of Rights was issued ("EEOC Right to Sue"). (SUF 7, Lambert Dep., 260:7-15 and Ex. 44.) It stated:

> THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:
>
> The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.
>
> * * *
>
> - NOTICE OF SUIT RIGHTS - …
>
> **Title VII, the Americans with Disabilities Act …:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **<u>WITHIN 90 DAYS</u>** of your receipt of this notice; or your right to sue based on this charge will be lost… [Emphasis in the original.] [Lambert Dep., Ex. 44.]

Plaintiff acknowledged receiving the EEOC Right to Sue. (SUF 7, Lambert Dep., 260:7-15; 265:17-23 and Ex. 44.) As the notice expressly stated that Plaintiff

had 90 days to file a lawsuit or the right to sue based on that charge would be lost, Plaintiff was informed that she had until May 1, 2016 to file a lawsuit.

On April 14, 2016, within the statute of limitations, and in the regular course of business the EEOC annotated the Plaintiff's file with a "Memo To File", which was signed and dated by an Investigative Support Assistant. (Jones Dec., ¶¶4-5 and Ex. D [EEOC 000439].) The face of the document confirmed that Plaintiff was aware of the statute of limitations, and that it would not be extended even if the EEOC reconsidered Plaintiff's charge. That document states:

> [Charging Party] CP was contacted about her reconsideration request. CP had no new information to provide. CP still does not have any comparators. CP was informed that her reconsideration request was denied by Enforcement Manager Patricia Kane…CP was also informed that her Federal RTS could not be extended and would expire on May l, 2016. CP stated that she understands. [Jones Dec., Ex. D [EEOC 000439].]

Plaintiff admitted in deposition to having spoken to the EEOC employee who signed the memo. (Lambert Dep., 266:6-9.)

The May 1, 2016 statutory deadline to file suit came and went, and Plaintiff did not file a lawsuit. The January 31, 2017 deadline to file suit in state court likewise came and went, and Plaintiff did not file a lawsuit. Plaintiff has admitted that she was not incapacitated, institutionalized or incarcerated in 2016 or 2017; she has not offered any evidence that she was unable to proceed with filing the civil lawsuit within the time required by statute. (*See* Lambert Dep., 268:12-23; Jones Dec. Ex. B, No. 18.)

## C.   Defendants Did Not Receive Any Communications From Any Administrative Agency

Defendant Uniregistry, Inc. did not receive any communications from the EEOC or the DFEH in 2015 or 2016, or from anyone else at any time prior to March 2017, and therefore, had no knowledge that Plaintiff had asserted any claims involving the company or its employees during that time. (SUF 9, 11, Schilling Dec.,

5

¶¶7-8, 11-14.) Some EEOC documents reflect an erroneous Marina Del Ray address for Uniregistry, which Uniregistry did not provide to Plaintiff or the EEOC for receipt of communications. (Schilling Dec., ¶ 5; *see, e.g.*, Jones Dec., ¶5, Ex. D [EEOC 000023].) Plaintiff had never worked at the former office address. (Schilling Dec., ¶4.) Indeed, the company stopped paying rent on its Marina Del Ray office in December of 2015 and had ceased using it in January of 2016. (Schilling Dec., ¶5.) The California Employment Development Department ("EDD") listed a Playa Vista address for Uniregistry in its file until December 4, 2015, when it changed to the company's Newport Beach address. (Schilling Dec., ¶15.) Uniregistry does not know how the EEOC was provided an erroneous and long-disused Marina Del Ray address for Uniregistry. (Schilling Dec., ¶15.)

Defendant Sevan Derderian has *never* received any communications from the EEOC or the DFEH, and had no knowledge that Plaintiff had asserted any claims involving him or Uniregistry before this action was filed. (SUF 14-16, Derderian Dec., ¶¶3-4, 6-7.)  He left Uniregistry in February of 2017. (Derderian Dec., ¶5.)

### D.    The Delayed Delivery of Information About Plaintiff's Claims

It was not until after March 23, 2017, two years after Plaintiff's departure, that Uniregistry heard from Plaintiff for the first time since she left. (SUF 9, Schilling Dec., ¶¶7-8.) Plaintiff's counsel, Lindsey Wagner of Scott Wagner and Associates (the same attorneys she consulted and paid in 2015) sent a letter to Uniregistry indicating that her firm represented Plaintiff "in connection with her claims of discrimination" without providing any details. (Schilling Dec., ¶7, Ex. B.) The letter suggested it was sent to three addresses. (Schilling Dec., ¶10, Ex. B].) Of course, the March 2017 letter was not received by Uniregistry at the long-abandoned Marina Del Ray address. (Schilling Dec., ¶10.)

Plaintiff's counsel, Ms. Wagner, sent a second letter dated May 15, 2017, laying out for the first time to Uniregistry details of Plaintiff's allegations. This was the first time that Uniregistry had any knowledge of her claims. (Schilling Dec., ¶9,

1  Ex. C.) The allegations in that letter were much broader than those alleged in her

2  earlier administrative charge. Similar to the March 2017 letter described above, this

3  letter appears to have been sent to three addresses, including the outdated Marina Del

4  Ray address where it could not reach Uniregistry. (Schilling Dec., ¶10, Exs. B, C.)

5  Uniregistry did not receive any information from the EEOC until July 13,

6  2017, when it received a Notice of Intent to Reconsider Plaintiff's charge that had

7  been dismissed nearly a year and a half earlier. (SUF 11, Schilling Dec., ¶13, Ex. D;

8  Jones Dec., ¶4, Ex. D [EEOC 000023].) That Notice of Intent was issued by the

9  EEOC on May 25, 2017. (SUF 10, Jones Dec., Ex. D [EEOC 000023].) Uniregistry

10 never received any information directly from the DFEH at any time. (Schilling Dec.,

11 ¶14.)

12 Eleven days after receiving the EEOC's Notice of Intent to Reconsider, on July

13 24, 2017, Uniregistry, through its counsel, responded to the EEOC's Notice to

14 Reconsider, advising that Uniregistry had not been served with Plaintiff's charge, the

15 dismissal, the right to sue (referenced in the notice to reconsider), or any other

16 documents, aside from the Notice of Intent to Reconsider. (Ocheltree Dec., ¶2, Ex.

17 A.) The letter requested copies of those documents. (Ocheltree Dec., Ex. A.)

18 Uniregistry's response pointed out the lack of notice and subsequent delay giving rise

19 to statute of limitations and due process concerns. (Ocheltree Dec., Ex. A.)

20 On August 11, 2017, the EEOC provided Uniregistry with the EEOC charge of

21 discrimination, the DFEH notice to complainant and respondent and notice to

22 complainant of right to sue, EEOC notice of charge of discrimination, and notice of

23 intent to reconsider. (Ocheltree Dec., Exs. B, C.) Moreover, the EEOC advised

24 Uniregistry (through its counsel) at that time that Plaintiff's retaliation claim would

25 not be investigated. (Ocheltree Dec., Ex. B.)

26 **E.  Uniregistry Objected To the EEOC's Attempt to Reconsider The Long Dismissed Charge As the Statute of Limitations Had Passed**

27

28 Uniregistry strongly objected to the EEOC's attempt to revive the dismissed

charge upon notice of the attempted revival. (Ocheltree Dec., Ex. A.) By letter dated September 20, 2017, Uniregistry formally objected to the attempted revival. (Ocheltree Dec., ¶6, Ex. E.) Plaintiff was represented by counsel at that time. (Ocheltree Dec., ¶10; Lambert Dep., 46:2-22.)

Over Uniregistry's objections, the EEOC continued to investigate and issued a second Right-To-Sue Notice on February 6, 2018 ("Second Right to Sue"). (Jones Dec., Ex. D [EEOC 000018]; Ocheltree Dec., ¶6 and 9, Exs. E and H; SUF 10.)

### F.   Plaintiff's Long Delayed Lawsuit – Filed July 24, 2018.

Approximately five months after the Second Right to Sue was issued, on or about July 24, 2018, Plaintiff filed a civil lawsuit alleging sexual harassment and retaliation under FEHA in Orange County Superior Court. (Jones Dec., Ex. D [EEOC 000018]; ECF Dkt. No. 1, Ex. 2.) It was served on Defendant Derderian on or around August 2, 2018 and on Defendant Uniregistry on or about August 3, 2018. (Jones Dec., ¶6, Ex. E.)

The action was removed to this Court on August 31, 2018. (ECF Dkt. No. 1.) In Defendants' answer, Defendants asserted affirmative defenses consistent with the arguments set forth in this motion, including (1) the Second Affirmative Defense of the Statute of Limitations, (2) the Sixth Affirmative Defense of the Failure to Exhaust Administrative Remedies, and (3) the Third Affirmative Defense of Laches. (ECF Dkt. No. 11.) Plaintiff's allegations in the late-filed present action differ drastically from her allegations to the EEOC. (*See* ECF Dkt. No. 1, Ex. 2; Ocheltree Dec., Ex. E.)

Until service of the present action, Plaintiff Derderian was completely unaware of any of accusations against him or Uniregistry. (Derderian Dec., ¶¶3-4, 6-7.) He was no longer employed by Uniregistry when it first received any indication that Plaintiff was pursuing a claim. (Derderian Dec., ¶5; Schilling Dec., ¶8.) At the time he learned of the lawsuit, Defendant Derderian no longer had access to documents relevant to his defense against Plaintiff's shifting claims. (*See* Derderian Dec., ¶5.)

### G.      Substantial Prejudice to Defendants Caused By the Delay

Between the time that Plaintiff left her employment in March of 2015, and the time Uniregistry first received notice of her claims, numerous critical employees essential to the lawsuit left the company. (Schilling Dec., ¶¶16-21.) Plaintiff identified all of these people as coworkers of her at Uniregistry. (Lambert Dep., 116:5-117:13.) Of particular relevance to this action, some of the departed employees worked in sales, and Plaintiff has been terminated for not meeting sales goals. (Lambert Dep. 143:2-144:15, Ex. 15; Schilling Dec., ¶6, Ex. A.) One of the departed employees was Michael Ward, who is mentioned in Plaintiff's complaint and Plaintiff's discovery responses several times, and who Plaintiff testified was one of her supervisors and to whom she allegedly reported what she perceived as mistreatment. (Jones Dec., Ex. A [Lambert Dep.] at 123:15-17, 230:23-25; Ex. B [Derderian Interrogatories, No. 4, Uniregistry's Interrogatories, Nos. 1, 2, 12, 13, 14]; Ex. F, p. 3, ¶4; Dkt. 1, Ex. 2, ¶¶12, 20.) Uniregistry has attempted unsuccessfully to contact Mr. Ward as he is essential to its defense. (Ocheltree Dec., ¶11.) Another key witness, Manu Lanctot, cited in numerous documents Plaintiff produced and whom she claims had knowledge of one of the alleged acts of misconduct, has died. (Schilling Dec., ¶22; Jones Dec., Ex. B [Derderian's Interrogatories, Nos. 4, 16, 19 and Uniregistry Interrogatories, No. 9].)

Further, the memories of witnesses have substantially faded over the past five years since the alleged acts took place. When Plaintiff was deposed on August 14, 2019, she testified she could not recall over 80 times.[1] Moreover, documents essential to the defense, including sales information, have been difficult to locate. (Derderian Dec., ¶5.)

---

[1] Lambert Dep., pp. 18, 25, 29, 30, 33-35, 40, 44, 46, 49, 50-53, 56, 58, 61, 66-67, 69-70, 81, 86, 88-89, 91-93, 95-96, 101, 107, 110, 112-114, 116, 123-125, 127, 128, 129-130, 132-133, 137-138, 145-146, 148, 150, 158-160, 162-163, 165, 166, 167-169, 171, 173, 176, 178-179, 180-181, 183-185, 191-193, 195, 198-200, 205, 209-212, 216, 218-219, 221, 223-230, 238, 240-243, 249, 262, 266-267, 268-270, 279, 282-284, 286-287.

9

### H.   Plaintiff's Discovery Responses Offer No Credible Explanation For Missing the Statutory Deadline to Sue

Through discovery, Plaintiff was asked to provide facts to explain her contention that the statute of limitations had not run and to explain how she was timely and diligent in pursuing the EEOC charge. (*See* Jones Dec., Ex. B [Derderian Interrogatories], Nos. 18, 20.) The only facts she offered in response were that she received a second right to sue from the EEOC and that the "continuing violation" doctrine somehow came into play. (*See* Jones Dec., Ex. B, Nos. 18, 20.) She identified no documents relating to her contentions about the statute of limitations other than her original September 2015 letter to the EEOC, the dual-filed DFEH complaint, and the second right to sue letter. (*See* Jones Dec., Ex. B, No. 20.) Further, the witnesses she identified to support her responses included Manu Lanctot who passed away prior to service of Plaintiff's interrogatory responses. (Jones Dec., Ex. B, No. 19; Schilling Dec., ¶22.)

### I.   Defendant Derderian's Lack of Notice of Administrative Charge

Plaintiff did not name Sevan Derderian as a defendant in her administrative charge. (Lambert Dep., Ex. 40; ECF Dkt. No. 1, Ex. 2 at Ex. A.) The EEOC complaint did not list Derderian's address or otherwise indicate it was sent to him. (SUF 15, Lambert Dep., Ex. 40.) Similarly, the DFEH Notice did not list Derderian's address or otherwise indicate it was sent to him. (ECF Dkt. No. 1, Ex. 2 at Ex. A.) In fact, Derderian never received a copy of any administrative charge or any other information regarding that claim from the EEOC, Plaintiff or elsewhere. (SUF 15-16, Derderian Dec., ¶¶3, 4, 6.) He had left Uniregistry in February of 2017, before the company had any knowledge of the allegations. (Derderian Dec., ¶5; Schilling Dec., ¶8.)

### J.   The Parties' Counsel Satisfied the Meet-And-Confer Requirement and Have Not Informally Resolved The Issues Raised in This Motion

Prior to the filing of this motion for summary judgment, the parties' counsel

10

met and conferred about the substance of this motion in compliance with L.R. No. 7-
3. (Jones Dec., ¶¶8-10.) Defense counsel initially contacted Plaintiff's counsel, and
the parties' counsel conferred by telephone on more than one occasion to discuss
thoroughly the substance of the contemplated motion. (Jones Dec., ¶¶8-10.) The
parties' counsel did not reach a resolution of these issues, necessitating this motion.
(Jones Dec., ¶11.)

## III.   ARGUMENT

### A.   Summary Judgment Is Appropriate to Dispose of Meritless Employment Claims

Summary judgment is a proper and efficient way of eliminating unfounded
discrimination claims without the time and expense of a trial. "Summary judgment is
properly regarded not as a disfavored procedural shortcut, but rather as an integral part
of the Federal Rules as a whole, which are designed 'to secure the just, speedy and
inexpensive determination of every action'." *Celotex Corp. v. Catrett*, 477 U.S. 317,
327 (1986). "Rule 56 must be construed with due regard not only for the rights of
persons asserting claims…but also for the rights of persons opposing such claims…to
demonstrate…prior to trial, that the claims and defenses have no factual basis." *Id.*

A party opposing summary "must do more than simply show that here is some
metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith
Radio Corp.*, 475 U.S. 574, 586 (1986). "If the [opposing party's] evidence is merely
colorable, or is not significantly probative, summary judgment may be granted."
*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

Judgment is warranted in Defendants' favor because the uncontroverted
material facts show that Plaintiff cannot maintain her claims or overcome Defendants'
affirmative defenses based on the statute of limitations as well as Plaintiff's failure to
exhaust her administrative remedies as to Derderian.

## B.    Plaintiff's Claims Against Both Uniregistry and Derderian Are Time-Barred

Statutes of limitations and strict procedural timelines serve important purposes, particularly in administrative agency proceedings where goals include protecting both plaintiffs' and defendants' interest in speedy resolution of employees' complaints, encouraging administrative resolution of employees' complaints, and avoiding forcing all parties to proceed with an administrative investigation and a civil suit all at once. The limitations periods are intended to "promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." *G and G Productions LLC v. Rusic*, 902 F.3d 940, 946 (9th Cir. 2018). The purpose of a statute of limitations "is to require diligent prosecution of known claims, thereby providing finality and predictability in legal affairs and ensuring that claims will be resolved while evidence is reasonably available and fresh." *Scott v. Gino Morena Enterprises, LLC*, 888 F.3d 1101, 1110 (9th Cir. 2018). *See also Lute v. Singer*, 678 F.2d 844, 846 (9th Circ. 1982); *Fort Bend Cnty., TX v. Davis*, 139 S. Ct. 1843, 1849 (2019) (claim-processing rules "seek to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times" (internal citations and quotations omitted); *Ledbetter v. Goodyear Tire & Rubber Co*., 550 U.S. 618, 630 (2007) (statutes of limitations "represent a pervasive legislative judgment that it is unjust to fail to put the adversary on notice to defend within a specified period of time and that the right to be free of stale claims in time comes to prevail over the right to prosecute them" and that "[u]ltimately, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.")

Before suing for violation of the California Fair Employment and Housing Act, a plaintiff must file a timely and sufficient administrative complaint with the DFEH and receive a "right to sue" notice (Notice of Right to File a Civil Action). Cal.

Gov.Code § 12962(c). The Government Code establishes a strict one year statute of limitations, commencing from the date of the right-to-sue notice by the [DFEH], except for certain statutory exceptions.  Gov.Code § 12965(b).

Statute of limitations with respect to the procedural requirements of EEOC and DFEH right-to-sue notices are strictly enforced. *Payan v. Aramark Management Services Ltd. Partnership*, 495 F.3d 1119, 1127 (9th Cir. 2007); *McCullough v. Xerox Corp.*, No. 13-cv-04596-HSG, 2015 WL 5769620, *7-8 (N.D. Cal. Oct. 2, 2015) (noting Ninth Circuit's strict enforcement of statute of limitations and finding FEHA-based claims filed three days past deadline time-barred); *Wagner v. Wal-Mart Stores, Inc.*, No. 13-cv-03475-NJV, 2013 WL 5645169, *3 (N.D. Cal. Oct. 16, 2013) (dismissing FEHA-based complaint filed six months after expiration of right-to-sue on one charge and one week after expiration of right-to-sue on another charge); *Mandurrago v. Int'l Paper Co.*, 2016 WL 1382875, at *3 (E.D. Cal. 2016) (dismissing FEHA-based complaint for because plaintiff did not timely file her complaint). *See also Chapman v. SF Newspaper Agency*, 2002 WL 31119944, at *3 (N.D. Cal. 2002) (dismissing Title VII complaint due to plaintiffs utter failure to timely file his lawsuit.); *Scholar v. Pac. Bell,* 963 F.2d 264, 267 (9th Cir. 1992) (Title VII claim was foreclosed because it was filed three days after expiration of the statute of limitations).

Here, there is no dispute that Plaintiff filed an administrative complaint and received the required initial right to sue notice as to Uniregistry. (Lambert Dep., Exhibit 45.) Pursuant to statutory deadlines, Plaintiff had only 90 days after the initial right-to-sue notice was given by the EEOC within which to commence a civil action in federal court and one year to commence a civil action in state court based on the charges filed. *See* 42 USC § 20000e-5(f)(1);  Gov.Code § 12965(b); *see Williams v. Pac. Mut. Life Ins. Co.,* 186 Cal.App.3d 941, 951 (1986); *Hall v. Goodwill Indus. of Southern Calif.,* 193 Cal.App.4th 718, 730 (2011*)*.

The DFEH Right to Sue clearly advised Plaintiff of her one-year deadline, i.e. "to file a private lawsuit in State Court…within one year from the date of such

13

notice." (Lambert Dep., Ex. 45.) The Notice was dated January 19, 2016. (SUF 6, Lambert Dep., Ex. 45.) Accordingly, the deadline in which Plaintiff had to file her lawsuit expired on January 18, 2017, to file a private lawsuit in State Court. She did not do that, and, instead, waited a year and a half, until July 24, 2018, to file her action in state court. (*See* ECF Dkt. No. 1, Ex. 2.)

However, as Plaintiff had filed a charge concurrently with the EEOC, and the DFEH and the DFEH deferred its investigation to the EEOC and issued a right-to-sue notice upon the deferral, the one year statute of limitation subject to brief tolling. Pursuant to statute, the tolling period was limited to the expiration of the federal right-to-sue period, or one year after the DFEH's right-to-sue notice, whichever was later.  Gov.Code § 12965(d)(2).

Here, the federal right-to-sue period expired May 1, 2016 as the EEOC's Dismissal and Notice of Rights issued February 1, 2016 provided Plaintiff with 90 days to file a civil lawsuit. (*See* Lambert Dep., Ex. 44.) One year after the DFEH's right-to-sue notice was January 18, 2017. (*See* Lambert Dep., Ex. 45.) As January 18, 2017 is later than May 1, 2016, the tolling period expired on January 18, 2017. That was the last day Plaintiff could file suit within the statute of limitations. *See* Gov.Code § 12965(d)(2). She missed that deadline. (*See* ECF Dkt. No. 1, Ex. 2 [filed July 24, 2018].) The deadline was not missed by a day or two or even a week or a month. Plaintiff missed her deadline to file suit by a year and a half!

The deadline to file a civil lawsuit was also brought to Plaintiff's attention by EEOC personnel. (Jones Dec., Ex. D [EEOC 000439].) It was explained to her that her right-to-sue could not be extended, regardless of whether the agency decided to re-evaluate her claims. (*Id*.) An EEOC investigator, whom she admitted talking to, confirmed that understanding in a memo to the EEOC file. (*Id*.)

Plaintiff's suggests through discovery responses that she should be able to ignore the statute of limitations - clearly stated in black in white in the initial right to sue she received - and rely instead on a second right to sue issued by the EEOC *more*

14

*than a year* after the statute of limitations expired. In effect, she claims the second right-to-sue revoked the first right-to-sue. Not only does that argument fly in the face of fundamental fairness and due process, but it is also not supported by law.

The EEOC's own regulations require EEOC reconsiderations of a dismissed charge to be issued "promptly." *See* 29 C.F.R. § 1601.21(b)(2). Further, there are limits on when the EEOC can reconsider and revoke a previously issued right to sue. EEOC regulations do not allow the EEOC to issue a second right-to-sue if it decides to reconsider a dismissal more than 90 days after the original right-to-sue was issued. *See* 29 C.F.R. § 1601.21(b)(1). The regulation expressly states that if more than 90 days have passed, the initial right-to-sue cannot be revoked. *See* 29 C.F.R. § 1601.21(b)(1).  29 C.F.R. § 1601.21(b) states in relevant part:

> (b) The Commission shall provide prompt notification of its determination under paragraph (a) of this section to the person claiming to be aggrieved, the person making the charge on behalf of such person, if any, and the respondent, or in the case of a Commissioner charge, the person named in the charge or identified by the Commission in the third party certificate, if any, and the respondent. The Commission may, however, on its own initiative reconsider its decision or the determination of any of its designated officers who have authority to issue Letters of Determination, Except that the Commission will not reconsider determinations of reasonable cause previously issued against a government, governmental entity or political subdivision after a failure of conciliation as set forth in § 1601.25.
>
> **(1)** In cases where the Commission decides to reconsider a dismissal or a determination finding reasonable cause to believe a charge is true, a notice of intent to reconsider will *promptly* issue. If such notice of intent to reconsider is issued within 90 days from receipt of a notice of right to sue and the charging party has not filed suit and did not receive a notice of right to sue pursuant to § 1601.28(a)(1) or (2), the notice of intent to reconsider will vacate the dismissal or letter of determination and revoke the notice of right to sue. *If the 90 day period has expired*, the charging party has filed suit, or the charging party had requested a notice of right to sue pursuant to § 1601.28(a)(1) or (2), *the notice of intent to reconsider will vacate the dismissal or letter of determination,* **but will not revoke the notice of right to sue**. After reconsideration the Commission will issue a determination anew. In those circumstances where the notice of right to sue has been revoked, the Commission will, in

15

accordance with § 1601.28, issue a notice of right to sue anew which will provide the charging party with 90 days within which to bring suit.

**(2)** *The Commission shall provide prompt notification of its intent to reconsider,* which is effective upon issuance, and its final decision after reconsideration to the person claiming to be aggrieved, the person making the charge on behalf of such person, if any, and the respondent, or in the case of a Commissioner charge, the person named in the charge or identified by the Commissioner in the third-party certificate, if any, and the respondent. (Emphasis added.)

The Ninth Circuit has evaluated the issue and held that although the EEOC has the authority to rescind a right-to-sue, the agency's authority is limited to those cases in which it decides to reconsider and notifies all parties of its decision *within 90 days* after it first issues a Notice of Right to Sue. *See Lute v. Singer*, 678 F.2d 844 (9th Cir. 1982). The *Lute* court followed the same approach as the Fifth and Tenth Circuit Courts of Appeal. *Id.* at 846 (citing to *Trujillo v. Gen.l Elec. Co.*, 621 F.2d 1084, 1086-1087 (10th Cir. 1980) and *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 245-46 (5th Cir. 1980)).

Citing to *Lute v. Singer*, the Eleventh Circuit likewise held that a second notice of a right to sue – issued after an original limitations period has expired – fails to revive the limitations period. *See Stamper v. Duval Cnty. School Bd.,* 863 F.3d 1336, 1340-41 (11th Cir. 2017) ("The regulation makes clear that the Commission lacked the authority to revive Stamper's claim of discrimination; that is, neither the Commission nor the Department of Justice had the authority to issue Stamper a new notice of her right to sue the Board. Stamper's original notice of her right to sue was not revoked when the Commission reconsidered dismissal of her administrative charge.")  The *Stamper* Court explained:

The Fifth Circuit balanced two competing considerations that concerned whether the Commission had the authority to issue a second notice of the right to sue. On the one hand, the court explained that granting authority to the Commission to issue a second right to sue "would vitiate the limitation periods mandated by Congress in favor of ad-hoc determination by the [Commission]." On the other, the court

16

considered the fairness of allowing reconsideration "prior to the expiration of the period in which the plaintiff could permissibly file suit under the first right-to-sue notice." Our predecessor court held that *a notice of intent to reconsider issued by the Commission had no effect on the running of the limitations period unless issued before the expiration of that period. Id.* Two of our sister circuits adopted that reasoning, [citing *Lute, infra,* and *Trujillo, infra*]. A decision of the District of Columbia Circuit, issued after the Commission codified section 1601.19(b) and authored by then-Judge Ruth Bader Ginsburg, also supports our interpretation.

The regulation codified *an equitable rule* followed by our predecessor court that the Commission could restart the running of the limitations period by issuing a second notice of the right to sue *only if the Commission issued a notice of intent to reconsider before the expiration of the original limitations period.* [*Id.* at 1339-1340 (full internal citations omitted).]

Applying the EEOC regulation and Ninth Circuit precedent to the facts here, it is clear that the EEOC exceeded its authority in issuing a second right-to-sue notice. The EEOC's initial dismissal of Plaintiff's charge and right-to-sue was issued February 1, 2016. On its face, Plaintiff had 90 days to sue, meaning the statute of limitations ran May 1, 2016. (Lambert Dep., Ex. 45.) The EEOC's Notice of Intent to Reconsider was not issued until May 25, 2017. (Jones Dec., Ex. D [EEOC 000023].) As its issuance was more than a year from the original dismissal (eighteen months to be exact), the EEOC did not act "promptly" in accordance with its regulations. *See* 29 C.F.R. § 1601.21(b)(2).

Further, Defendant Uniregistry did not receive the Notice of Intent to Reconsider until July 2017. (Schilling Dec.,¶ 13.) Defendant Derderian was *never* served with the Notice of Intent to Reconsider and did not become aware of it until after this litigation was filed in July of 2018. (Derderian Dec., ¶ ¶ 3-4, 6-7.) Thus, the EEOC did not notify all parties of its decision to reconsider within 90 days after it issued its initial Right-to-Sue as required by law. *See Lute*, 678 F.2d at 846. Thus, the Commission exceeded its authority in issuing the second right to sue and the notice of intent to reconsider had no effect on the running of the statute of limitations. *See id.; Stamper,* 863 F.3d at 1341-42*; Trujillo,* 621 F.2d at 1086-87*; Gonzalez,* 610 F.2d at

17

246.

An attempt to characterize the Notice of Intent to Reconsider as a "notice of revocation" does not change the outcome. The EEOC does not have the authority to issue a second right-to-sue under such circumstances. *See Stamper,* 863 F.3d at 1341-42 (a second notice to sue does not revive a limitation period); *see also Lute,* 678 F.2d at 856; *Obaseki v. Fannie Mae*, 840 F.Supp.2d 341, 344-46 (D.D.C. 2012).) To interpret the EEOC's Notice of Intent to Reconsider as an *ultra vires* extension of the statutory limit, would undermine the unambiguous expression of legislative authority in favor of an ad hoc determination by the Commission. *See Stamper,* 863 F.3d at 1340-42. That is not permitted and the law is well-established on this issue.

For these reasons, the Second Right to Sue is null and void. (*See* Jones Dec., Ex. D [EEOC 000018].) Accordingly, Plaintiff should not be able to rely on it to circumvent the statute of limitations.

## C.   Severe Prejudice Suffered By Defendants Warrants Dismissal

Although the Court may decide the issue without further consideration, under the law of the Ninth Circuit, the court may consider whether defendants suffered prejudice. *See, e.g., Lute,* 678 F.2d at 846 ("there is no suggestion here of prejudicial delay"). Further, laches provides an equitable time limitation on a party's right to bring suit and bars an action where unexcused or unreasonable delay has prejudiced its adversary. *See Boone v. Mechanical Specialties Co*., 609 F.2d 956 (9th Circ. 1979) (dismissing employment discrimination lawsuit filed after plaintiff pursued an EEOC charge, as plaintiff was aware he could bring a civil action at an earlier time but chose not to do so and where, in the meantime, many of defendants employees who may have had information relating to the claim were no longer employed or deceased. ) *See also Albemarle Paper Co. v. Moody*, 422 U.S. 405, 424-425, 95 S. Ct. 2362, 45 L.Ed.2d 280 (1975) ("When a defendant is prejudiced by an unexcused delay by a private plaintiff, the district court has the discretionary power to locate 'a just result.'.)

Here, the undisputed facts show that Plaintiff's delay in filing this action has

18

resulted in extreme prejudice to both Defendants. Plaintiff left her employment in March of 2015. (Lambert Dep., 144:16-21, 145:2-19.) That was the last they heard from her for years as she did not communicate with any current or former Uniregistry employee after her departure. (Lambert Dep., 35:7-11.)

Pursuant to 42 USC § 2000e-5(e)(1), notice of the Plaintiff's administrative charge (including date, place and circumstances of the alleged unlawful employment practice) was supposed to have been served on "the person against whom the charge is made" within 10 days after it was filed. That did not happen. (Schilling Dec., ¶13) If the EEOC attempted to serve notices on Uniregistry, they were not received, as the company had moved from the address stated in various communications. (Schilling Dec., ¶¶5, 10, 15.) It is unclear why the EEOC used that address in the first place as Plaintiff was not employed there and it was not the address on file with the EDD. (Schilling Dec., ¶¶4, 15.)

Defendant Uniregistry had absolutely no knowledge that Plaintiff was pursuing any claims until March of 2017, two years after her employment ended, when her lawyer reached out to the company. (Schilling Dec., ¶¶7-8.) That initial contacted claimed "discrimination" but provided not facts. (Schilling Dec., ¶7, Ex. B.) No substantive information about Plaintiff's claims was provided to Uniregistry until May of 2017. (Schilling Dec. ¶9, Ex. C.) Uniregistry did not receive any information from the EEOC until July 13, 2017, when it received a Notice to Reconsider Plaintiff's charge that had been dismissed nearly a year and a half earlier. (Schilling Dec., ¶13, Ex. D; Jones Dec., Ex. C [EEOC 000023].) Further, the company did not receive the charge, right-to-sue, dismissal or other critical documents from the EEOC (or from any administrative agency) until August 11, 2017. (Ocheltree Dec., ¶¶2-4, Exs. B, C.)

The delay in providing information to Defendant Derderian was even worse. He was not named as a defendant in the administrative charge. He did not receive anything at any time from the EEOC, the DFEH or any other administrative agency.

19

(Derderian Dec., ¶¶3-4, 6.) He had left Uniregistry by the time it was notified of any potential claims. (Derderian Dec., ¶5.) The first time he learned he was being accused of any misconduct was upon service of the lawsuit in August of 2018, more than three years since he last had contact with Plaintiff. (Derderian Dec., ¶7; Jones Dec., ¶6, Ex. E.)

The more than two-year delay in relaying any information at all about the allegations to Uniregistry (and over three-year delay in relaying information to Derderian) negatively impacted their ability to gather information and defend themselves. By the time Uniregistry was alerted to the possibility that Plaintiff may be pursuing any claims, many critical company employees, identified by Plaintiff as people who had worked directly with her, had left the company. Defendant Derderian was gone. Michael Ward, Plaintiff's supervisor, identified in the complaint and in discovery, was gone. (Schilling Dec., ¶18; Jones Dec., Ex. B [Derderian's Interrogatories, No. 4 and Uniregistry's Interrogatories, Nos. 1, 2, 12, 13, 14]; Ex. F, p. 3, ¶4; Dkt. 1, Ex. 2, ¶¶12, 20.) Amanda Fessenden, a witness the EEOC later wanted to interview, was gone. (Schilling Dec., ¶19; see Lambert Dep., 141:14-20 and 174:23-25.) And several sales people other than Plaintiff, including another female employee "Natalie L." a.k.a. Natalie Lauren Kraenkel and Miguel Sanchez, were gone. (Lambert Dep., 115:7-117:13; Schilling Dec., ¶16.)

The departures from Uniregistry of Plaintiff's female co-workers Amanda Fessenden and Natalie Kraenkel, during Plaintiff's unwarranted delay, further demonstrate the problems caused by Plaintiff's delay, since Plaintiff had falsely stated in her September 2015 letter to the EEOC initiating a charge that she had not worked with any other women. (Lambert Dep., 141:14-20, 174:23-25, Ex. 40.) The departure of Michael Ward during the Plaintiff's unreasonable delay is especially problematic as Plaintiff admitted she reported to him, contends she reported perceived misconduct to him, testified extensively about him in deposition, and produced documents allegedly from him through discovery. (Jones Dec., Ex. B [Derderian's Interrogatories, No. 4

20

and Uniregistry's Interrogatories, Nos. 1, 2, 12, 13, 14]; Ex. F at p. 3, ¶4; Dkt. 1, Ex. 2, ¶¶12, 20.) Moreover, defense counsel has attempted to reach him, without success. (Ocheltree Dec., ¶11.)

Even more disturbing is that one key witness, who was not known to be critical until Plaintiff served discovery, died before service of that discovery. Plaintiff identified him as having knowledge of her allegations, an individual to whom she allegedly reported problems, and whose name appears on multiple documents she produced including text messages that would not be within the control of Defendants. (Schilling Dec., ¶22; Jones Dec., Ex. A [Lambert Dep.] at 205:10-206:1, 207:9-208:2; Ex. B [Derderian's Interrogatories, Nos. 4, 16, 19; Uniregistry Interrogatories, No. 9].)

Had Defendant been notified earlier in time, while the witnesses were still actively employed with Uniregistry and more likely to remember events closer in time, it would be much easier to gather the facts of her brief term of employment. By delaying pursuit of her claims and missing the statute of limitations, all these departures made it very difficult to promptly investigate the allegations and defend against the claims. In addition, memories of those who remain have dimmed. Plaintiff herself could not recall numerous events when her deposition took place more than five years after her departure. She responded that she could not recall over 80 times during her deposition.[2] Further, documents have been difficult to find so many years after the alleged events took place. (*See* Derderian Dec., ¶ 5.) The uncontroverted evidence shows that both Uniregistry and Derderian were greatly prejudiced by the delay.

---

[2] Lambert Dep., pp. 18, 25, 29, 30, 33-35, 40, 44, 46, 49, 50-53, 56, 58, 61, 66-67, 69-70, 81, 86, 88-89, 91-93, 95-96, 101, 107, 110, 112-114, 116, 123-125, 127, 128, 129-130, 132-133, 137-138, 145-146, 148, 150, 158-160, 162-163, 165, 166, 167-169, 171, 173, 176, 178-179, 180-181, 183-185, 191-193, 195, 198-200, 205, 209-212, 216, 218-219, 221, 223-230, 238, 240-243, 249, 262, 266-267, 268-270, 279, 282-284, 286-287.

21

**1.  Plaintiff's Suggestion that the Continuing Violation Doctrine Tolled the Statute of Limitations Is Baseless**

Based on Plaintiff's discovery responses, Plaintiff may attempt to posit that "any harassment that occurred after September 23, 2014 would not be barred by the statute of limitations because of the "continuing violation" doctrine." (Jones Dec, Ex. B, No. 18 [*citing Richards v. CH2M Hill, Inc*., 26 Cal.4th 798 (2001)].) That doctrine is misplaced here as it relates to the time limits for pursuing administrative claims. *See Richards,* 26 Cal.4th at 810-811. It comes into play when an employee raises a claim based on conduct that occurred in part outside the limitations period. *Richards,* 26 Cal.4th at 811-812. That is not the issue here. Plaintiff's last day of employment was in March 2015 and there are no allegations of any conduct taking place beyond that date. Whether Plaintiff filed a timely administrative claim is not in dispute. The issue is whether she filed suit in a timely manner after receiving an initial right-to-sue. The answer is "no" and the continuing violations doctrine is inapplicable

**D.  Plaintiff Missed The Deadline For Filing Her Lawsuit On the Retaliation Claim As The EEOC Did Not Reopen That Claim**

Assuming *arguendo* that the EEOC had acted timely and notified all parties within 90 days of issuing its initial right to sue, then the second right-to-sue affects only the discrimination claim. The EEOC did not reconsider the retaliation claim. (Ocheltree Dec., ¶3, 7, Ex. B. and F.) Thus, there is no reason to extend the statute of limitations on that claim for that reason alone.

**E.  Defendant Derderian Should Be Dismissed from this Action Because Plaintiff Failed to Exhaust Her Administrative Remedies, As She Failed to Name Him as a Defendant in the Administrative Charge And Doctrine of Laches Should Apply**

Plaintiff's inclusion of Defendant Sevan Derderian in this lawsuit was an afterthought, and it shows. Plaintiff has failed to exhaust her administrative remedies as to Defendant Sevan Derderian because he was never named as a defendant in the administrative charge and Plaintiff never obtained a right to sue Derderian. Further,

concerns of prejudice and protection of Derderian's due process rights support his dismissal from the First Claim for Sexual Harassment because he was never put on notice of the administrative charge when it was pending, did not have actual notice at the time, and never had an opportunity to participate in the administrative proceedings. He did not learn of Plaintiff's sexual harassment claim until this lawsuit was filed.

California law requires an alleged victim of employment discrimination to exhaust administrative remedies by filing a claim with the DFEH and obtaining a requisite "right to sue" letter prior to initiating a civil action in Superior Court. Gov.Code §§ 12960, 12965(b); *Baker v. Children's Hospital Medical Center,* 209 Cal.App.3d 1057, 1062 (1989) (exhaustion of administrative remedies is a jurisdictional prerequisite to civil action under FEHA); *Yirk v. Superior Court,* 209 Cal.App.3d 1116, 1121-1123 (1985) (failure to exhaust administrative remedies undermines vital FEHA policy interests in resolving disputes and eliminating unlawful employment practices by conciliation). The scope of the DFEH charge operates to limit the claims an employee may subsequently assert in a civil action. *Okoli v. Lockheed Technical Ops., Inc*., 36 Cal.App.4th 1607, 1613-14 (1995). If a plaintiff seeks to hold an individual defendant liable for alleged wrongdoing, the plaintiff must identify that individual in the DFEH charge. *See, e.g. Valdez v. City of Los Angeles*, 231 Cal.App.3d 1043, 1061 (1991).

California Government Code § 12960 provides, in part, "Any person claiming to be aggrieved by an alleged unlawful practice may file with the department a verified complaint, in writing, that *shall state the name and address of the person,* employer, labor organization, or employment agency *alleged to have committed the unlawful practice complained of*…." (Emphasis added.) Where a right to sue notice is issued, the "notice shall indicate that the person claiming to be aggrieved may bring a civil action under this part *against the person*, employer, labor organization, or employment agency *named in the verified complaint* …."  Gov.Code §12965(b)

23

1    [emphasis added]. As the California Court of appeal has noted, "The legislative

2    directive is clear and unambiguous. As a result, there is no need for construction."

3    *Cole v. Antelope Valley Union High School Dist.,* 47 Cal.App.4th 1505, 1511 (1996).

4        Here, Plaintiff did not name Derderian as a defendant in her EEOC complaint.

5    (*See* Lambert Dep., Ex. 40.) Significantly, Plaintiff has not obtained the required

6    "right to sue" notice allowing her to bring a civil action against Derderian. *See*

7    Gov.Code §12965(b). By law, the "right to sue" letter did not confer on Plaintiff the

8    right to sue him. Without the requisite "right to sue" notice, Plaintiff once again has

9    failed to exhaust her administrative remedies. Accordingly, Plaintiff cannot establish

10   this requirement for the First Claim against Derderian, leaving this Court without

11   jurisdiction over Plaintiff's sexual harassment claim.

12       Although prejudice is not required to show a failure to exhaust administrative

13   remedies based on failing to name a defendant, it is relevant to note that principles of

14   fairness, due process and public policy supporting providing timely notice of claims to

15   defendants and efficient methods for resolving such claims justify dismissal of

16   Derderian from this action. The California Court of Appeal recognized these policy

17   arguments in *Valdez,* 231 Cal.App.3d at 1061, when it stated, "For a claimant to

18   withhold naming of known or reasonably obtainable defendants at the administrative

19   complaint level is neither fair under the act in its purpose of advancing speedy

20   resolutions of claims nor fair to known, but unnamed individuals, who at a later date

21   are called upon to "personally" account in a civil lawsuit without having been

22   afforded a right to participate at the administrative level." The *Valdez* court reasoned

23   that it is in harmony with FEHA "to require the exhaustion of administrative remedies

24   (by charging all those who are sought to be accountable) to enable a speedy resolution

25   of violations of the act without the delays attendant to a lengthy civil trial." *Valdez,*

26   231 Cal.App.3d at 1061.

27       The instant action highlights the very significant dangers of failing to name a

28   defendant known to Plaintiff at the time of her administrative charge. Derderian did

24

not learn about the allegations until more than three years after the events supposed occurred. (Derderian Dec., ¶¶3-4, 6-7.) Former employees have left the company, including Derderian, supervisor Michael Ward, female coworkers Amanda Fessenden and Natalie Lauren Kraenkel, and sales personnel. (Derderian Dec., ¶ 5; Schilling Dec., ¶16-21.) Memories have naturally faded. Even if Defendant Derderian had wanted to participate in his own defense of the charges, he had no ability to do so, since Uniregistry was not originally served with the charge when it was filed and therefore could not have notified Derderian. (Schilling Dec., ¶11-14.) Without any notice of the charges, Derderian did not participate in any administrative investigation or proceedings. (Derderian Dec., ¶6.)

For these re, Plaintiff's failure to name Derderian as a defendant in her administrative charge, together with the actual lack of notification to Derderian, resulted in prejudice. (Derderian Dec., ¶¶6-7.) As the only claim against Derderian is the First Claim, Derderian should be summarily dismissed from this action. *See Cole*, 47 Cal.App.4th at 1509-1510; *Valdez*, 231 Cal.App.3d at 1060-1061; *Polk v. OSI Electronics, Inc.*, 2014 WL 12787639, at *4 (C.D. Cal., 2014) (dismissing defendant from FEHA complaint with prejudice because it was not named in caption or body of administrative complaints).

## IV.   CONCLUSION

Because Plaintiff Lambert did not file this action within the statute of limitations, Defendants respectfully request that this Court grant summary judgment against Plaintiff and in favor of Defendants on the First and Second Claims, and dismiss this case in its entirety. In the alternative, Defendant Uniregistry requests that the Second Claim for retaliation be dismissed as that claim was not reconsidered by the EEOC, thus not subject to the second right-to-sue, and was not timely filed within the statute of limitations. Alternatively, Defendant Derderian requests that he be dismissed from the First Claim, the only claim against him, because Plaintiff did not exhaust her administrative remedies and he was severely prejudiced as a result.

25

1    Dated: September 20, 2019              **DUANE MORRIS LLP**

2

3                                    By:    /s/ *Allegra A. Jones*

4                                           Allegra A. Jones
                                            Attorneys for Defendants
5                                           UNIREGISTRY, INC. and SEVAN
                                            DERDERIAN

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
CASE NO. 8:18-cv-01566-JLS-JDE