Lorraine P. Ocheltree (SBN 151791)
lpocheltree@duanemorris.com
Allegra A. Jones (SBN 236518)
aajones@duanemorris.com
DUANE MORRIS LLP
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA 94105-1127
Telephone:  +1 415 957 3000
Facsimile:   + 1 415 957 3001

Brooke B. Tabshouri (SBN 279145)
bbtabshouri@duanemorris.com
DUANE MORRIS LLP
750 B Street, Suite 2900
San Diego CA 92101-4681
Telephone:  +1 619 744 2200
Facsimile:   + 1 619 744 2201

Attorneys for Defendants
UNIREGISTRY, INC. and SEVAN DERDERIAN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

(SOUTHERN DIVISION - SANTA ANA)

| | |
|---|---|
| NATALIE LAMBERT,<br><br>    Plaintiff,<br><br>v.<br><br>UNIREGISTRY, INC., a Delaware corporation; SEVAN DERDERIAN,<br><br>    Defendants. | Case No. 8:18-cv-01566-JLS-JDE<br><br>**DECLARATION ON OF FRANK SCHILLING IN SUPPORT OF DEFENDANT UNIREGISTRY, INC.'S AND SEVAN DERDERIAN'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date: November 15, 2019<br>Time: 10:30 a.m.<br>Dept.: Courtroom 10A, 10th Floor<br><br>(Orange County Superior Court, Case No. 30-2018-01007644-CU-OE-CJC) |

DECLARATION OF FRANK SCHILLING IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
CASE NO. 8:18-cv-01566-JLS-JDE

I, Frank Schilling, declare and state as follows:

1. I am the founder and CEO of Uniregistry, Inc. ("Uniregistry".)

2. The facts herein are personally known to me. If called as a witness, I could and would competently testify to all facts within my knowledge except where stated on information and belief.

3. Uniregistry is technical and sales support company in the internet domain name registration and web services industry.

4. Natalie Lambert was an employee of Uniregistry, Inc. from October 2014 until March 2015 and worked in the company's Newport Beach, California office.

5. At one time Uniregistry leased an office in Marina Del Ray, California, for which, I am informed and believe, the company stopped paying rent in 2015 and vacated in January 2016.

6. On or about March 23, 2015, Natalie Lambert's employment with Uniregistry, Inc. came to an end. I am aware that Bret Fausett, Uniregistry's General Counsel at that time, had prepared a termination letter and provided it to Ms. Lambert confirming the end of her employment. Attached as **Exhibit A** is a true and correct copy of that letter.

7. On or about March 27, 2017, Uniregistry received a letter dated March 23, 2017 from Lindsey Wagner of Scott Wagner and Associates, P.A. addressed to Uniregistry stating that her firm represented Ms. Lambert in connection with "claims of discrimination." Attached hereto as **Exhibit B** is a true and correct copy of that letter.

8. Prior to receipt of the March 23, 2017 letter from Ms. Lambert's counsel, I was not aware that Ms. Lambert had retained counsel or was pursuing any claims against Uniregistry or any of its current or former employees. I had not communicated with her at any time after she left her employment with Uniregistry.

9. On or about May 19, 2017, Uniregistry received a letter dated May 15, 2017 from Lindsey Wagner of Scott Wagner and Associate, P.A. addressed to

1

Uniregistry setting forth allegations about Ms. Lambert's employment at Uniregistry, which the company denies. The letter additionally stated that Ms. Lambert had filed a Charge of Discrimination with the Department of Fair Employment and Housing as well as the "Equal Employment Opportunities [sic] Commission". This was the first time I, or anyone else at Uniregistry to my knowledge, received notice of the alleged factual basis of any claims that Ms. Lambert was asserting. Attached hereto as **Exhibit C** is a true and correct copy of that letter.

10. The March 23, 2017 and May 15, 2017 letters were addressed to Uniregistry at three locations including one in Marina Del Ray, California. At those times Uniregistry did not have an office in Marina Del Ray and the company did not receive mail sent to that address.

11. On or about June 15, 2017, Uniregistry first received a copy of Ms. Lambert's EEOC charge purportedly filed in 2016, in response to a request by Uniregistry's General Counsel to Ms. Lambert's counsel.

12. Between 2014 and 2017, the Newport Beach office had full-time staff and General Counsel in attendance substantially daily. As the founder and CEO of Uniregistry, I had close contact with our General Counsel and was to be made aware of all claims or threatened claims against Uniregistry or its employees. I did not receive and was not informed of any correspondence, documents, notices or other similar information received by anyone else at Uniregistry, Inc. from the EEOC relating to Natalie Lambert or anyone else at any time prior to approximately July 17, 2017.

13. On or about July 17, 2017, Uniregistry received a Notice of Intent to Reconsider Ms. Lambert's EEOC charge. This was the first document Uniregistry received from the EEOC. Attached hereto as **Exhibit D** is a true and correct copy of that notice.

14. At no time did I ever receive any information from the Department of Fair Employment and Housing ("DFEH") relating to Natalie Lambert. On information

2

and belief, no one else from Uniregistry received any information from the DFEH relating to Natalie Lambert either.

15. I am informed and believe that Uniregistry or an agent on the company's behalf contacted the California Employment Development Department to inquire about what address they had on file for Uniregistry. I am informed and believe that the EDD confirmed that on December 4, 2015, Uniregistry changed the address on file with the EDD from a location in Playa Vista to Newport Beach. I am informed and believe that the EDD advised Uniregistry that it did not have record of ever having a Marina Del Ray address for Uniregistry.

16. From a review of Uniregistry, Inc. records, I am informed and believe that Natalie Lauren Kraenkel, who was employed by Uniregistry, Inc. during the time Ms. Lambert was employed, left her employment on or about May 30, 2015.

17. From a review of Uniregistry, Inc. records, I am informed and believe that Miguel Sanchez, who was employed by Uniregistry, Inc. during the time Ms. Lambert was employed, left his employment on or about October 9, 2015.

18. From a review of Uniregistry, Inc. records, I am informed and believe that Michael Ward, who was employed by Uniregistry, Inc. during the time Ms. Lambert was employed, left his employment on or about January 27, 2016.

19. From a review of Uniregistry, Inc. records, I am informed and believe that Amanda Fessenden, who was employed by Uniregistry, Inc. during the time Ms. Lambert was employed, left her employment on or about October 19, 2016.

20. From a review of Uniregistry, Inc. records, I am informed and believe that Napolean Villa, who was employed by Uniregistry, Inc. during the time Ms. Lambert was employed, left his employment on or about May 15, 2017.

21. From a review of Uniregistry, Inc. records, I am informed and believe that Vern Jurovich, who was employed by Uniregistry, Inc. during the time Ms. Lambert was employed, left his employment on or about January 1, 2017.

22. Manu Lanctot was a former employee of Uniregistry, Inc. I am informed

3

1 and believe that he is deceased.

2     I declare under penalty of perjury in accordance with the laws of the United States that the foregoing is true and correct.

    Executed this 20th day of September, 2019 at _Cayman_, _Islands_

_____
FRANK SCHILLING