```
WILLIAM M. CROSBY (SBN: 49357)
13522 Newport Avenue, Suite 201
Tustin, CA 92780
Telephone: (714) 544-2493
Facsimile: (714) 544-2497
Email: wcrosby@wcrosbylaw.com

Attorney for Plaintiff
NATALIE LAMBERT
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATALIE LAMBERT,<br><br>    Plaintiff,<br><br>v.<br><br>UNIREGISTRY, INC., a Delaware corporation; SEVAN DERDERIAN; DOES I through X, inclusive,<br><br>    Defendants. | CASE NO. 8:18-cv-01566-JLS (JDEx)<br><br>**PLAINTIFF'S STATEMENT OF GENUINE ISSUES IN RESPONSE TO DEFENDANTS' SEPARATE STATEMENT OF ALLEGED UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**<br><br>*[Filed and Served Concurrently with Memorandum of Points and Authorities and Argument in Opposition to Defendants' Motion for Summary Judgment; and Declaration of Natalie Lambert in Opposition to Defendants' Motion for Summary Judgment]*<br><br>Date:  November 15, 2019<br>Time:  10:30 a.m.<br>Ctrm:  10A |

Plaintiff NATALIE LAMBERT ("plaintiff") submits the following Statement of Genuine Issues in response to the Separate Statement of (Alleged) Uncontroverted Facts and Conclusions of Law filed by defendants UNIREGISTRY, INC. ("Uniregistry") and SEVAN DERDERIAN ("Derderian") (collectively, "defendants"):

///

///

1

| Moving Party's Alleged Undisputed Controverted Facts, and Supporting Evidence: | Opposing Party's Response and Evidence in Support of Genuine Issues: |
|---|---|
| 1. Plaintiff began her employment with Uniregistry, Inc. in October of 2014.<br><br>[Declaration of Frank Schilling at ¶ 4; Declaration of Allegra A. Jones, paragraph 2, Exhibit A, Deposition Transcript of Plaintiff Natalie Lambert (hereinafter "Lambert Deposition") at 100:15-25; Dkt. No. 1, Exhibit 2 ("Plaintiff's Complaint") at Exhibit A.] | 1. Undisputed. |
| 2. Plaintiff's title was Director of Business Development.<br><br>[Declaration of Allegra Jones at ¶ 2, Exhibit A, Lambert Dep. at 100:17-18; Plaintiff's Complaint [Dkt. No. 1, Exhibit 2] at Exhibit A.] | 2. Undisputed. |
| 3. Plaintiff's employment with Uniregistry came to an end in March of 2015.<br><br>[Declaration of Allegra Jones at Exhibit 2, ¶ A, Lambert Dep. at 145:16-19; Exhibit 15 [P01075-1077].]<br><br>///<br><br>///<br><br>///<br><br>///<br><br>///<br><br>///<br><br>///<br><br>/// | 3. Undisputed. |

2

PLAINTIFF'S STATEMENT OF GENUINE ISSUES IN RESPONSE TO DEFENDANTS' SEPARATE STATEMENT OF ALLEGED UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| Moving Party's Alleged Undisputed Controverted Facts, and Supporting Evidence: | Opposing Party's Response and Evidence in Support of Genuine Issues: |
|---|---|
| 4. On or about September 22 or 23, 2015, Plaintiff submitted a letter to the EEOC alleging "wrongful termination" "due to retaliation and discrimination."<br><br>[Declaration of Allegra Jones at ¶ 2, Exhibit A, Lambert Dep. at 255:12-22, 256:7-11; Exhibit 39; Declaration of Allegra Jones at ¶ 3, Exhibit [Plaintiff's Response to Uniregistry's First Interrogatories, No. 5].] | 4. Undisputed. |
| 5. Plaintiff sent to the EEOC a signed Charge of Discrimination stamped received by the EEOC on January 19, 2016.<br><br>[Declaration of Allegra Jones at ¶ 2, Exhibit A, Lambert Dep. at 259:22-260:20; Exhibit 43.] | 5. Undisputed. |
| 6. On January 19, 2016, Plaintiff's charge of discrimination was dual-filed with the DFEH and Plaintiff received a Notice to Complainant and Respondent and Notice to Complainant of Right to Sue.<br><br>[Declaration of Allegra Jones at ¶ 3, Exhibit B [Plaintiff's Response to Unregistry's First Set of Interrogatories, No. 5] and Plaintiff's Response to Derderian's First set of Interrogatories, No. 18].] | 6. Undisputed but immaterial; first, because there could not have been a meaningful investigation if no one at Uniregistry was contacted and second, because soon after this, on February 24, 2016, plaintiff was told by John Sohn, an EEOC Manager, that if plaintiff provided evidence related to her Charge that the EEOC would reevaluate her case and investigate it. On March 15, 2016, plaintiff sent a number of documents supporting her claims to the EEOC. Thereafter plaintiff was reassured on a number of occasions through March of 2017 that the EEOC was continuing to re-evaluate and investigate her claims. This was confirmed in |

PLAINTIFF'S STATEMENT OF GENUINE ISSUES IN RESPONSE TO DEFENDANTS' SEPARATE STATEMENT OF ALLEGED UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| Moving Party's Alleged Undisputed Controverted Facts, and Supporting Evidence: | Opposing Party's Response and Evidence in Support of Genuine Issues: |
|---|---|
| | her phone conversations with Saul Vasquez and Brandon Mancina, both EEOC Investigators. On March 3, 2017 and March 10, 2017, Patricia Kane, an EEOC Enforcement Officer, told plaintiff that her right-to-sue letter was being re-evaluated and investigated and to let her know if she had additional evidence.<br><br>[Lambert Dec., ¶¶ 9, 10; Ex. G] |
| 7. The EEOC issued a Dismissal and Notice of Rights on February 1, 2016, which Plaintiff acknowledged she received.<br><br>[Declaration of Allegra Jones at ¶ 2, Exhibit A, Lambert Dep. at 260:7-15, 265:17-23, Exhibit 44.] | 7. Undisputed, but immaterial based on the same facts set forth in Response to No. 6, *supra*. |
| 8. Plaintiff testified in deposition that she was not incapacitated, institutionalized or in jail between March 2016 and March 2017.<br><br>[Declaration of Allegra Jones at ¶ 2, Exhibit A, Lambert Dep. 268:12-23.] | 8. Undisputed, but immaterial based on the same facts set forth in Response to No. 6, *supra*. Further, under the doctrine of equitable tolling and plaintiff's reasonable and good faith conduct, the period to file should be equitably tolled so as to permit this filing. Mitchell v. State Department of Public Health (2016) 2 Cal.App.5th 303. |
| 9. Uniregistry first learned that Plaintiff had "claims of discrimination" in March of 2017.<br><br>[Declaration of Frank Schilling at ¶ 7, 8.] | 9. Disputed. Plaintiff had listed the correct address of Uniregistry's Newport Beach office on her original Charge of Discrimination and Retaliation filed with the Los Angeles office of the EEOC on September 22, 2015. Also, Ms. Lambert received an intake questionnaire dated September |

4

PLAINTIFF'S STATEMENT OF GENUINE ISSUES IN RESPONSE TO DEFENDANTS' SEPARATE STATEMENT OF ALLEGED UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| **Moving Party's Alleged Undisputed Controverted Facts, and Supporting Evidence:** | **Opposing Party's Response and Evidence in Support of Genuine Issues:** |
|---|---|
| | 28, 2015 from the EEOC which stated in part: "We have also notified the employer that you are filing a charge, which we are required to do."<br><br>[Lambert Dec., ¶ 7, Exs. A, B] |
| 10. On or about May 25, 2017, the EEOC issued a Notice of Intent to Reconsider.<br><br>[Declaration of Allegra Jones ¶ 5, Exhibit D [EEOC 000023]; Declaration of Allegra Jones at ¶ 2, Exhibit A, Lambert Dep. 263:13-20, Exhibit 51.] | 10. Undisputed. |
| 11. Uniregistry did not receive any documents from the EEOC relating to Plaintiff until approximately July 2017 when it received a Notice of Intent to Reconsider.<br><br>[Declaration of Frank Schilling at ¶ 13.] | 11. Disputed based on the same facts set forth in Response to No. 9, *supra*. Further, under the "Mailbox Rule," there is a rebuttable presumption that "proper and timely mailing of a document, was received by the addressee." Mahon v. Credit Bureau of Placer County Inc. (9th Cir. 1999) 171 F.3d 1197. |
| 12. On or about February 6, 2018, the EEOC issued a Dismissal and Notice of Rights.<br><br>[Declaration of Allegra Jones at ¶ 5, Exhibit D [EEOC 000018]; Declaration of Lorraine Ocheltree at ¶ 6, Exhibit H.] | 12. Undisputed. |
| 13. Plaintiff filed a civil complaint on or about July 24, 2018.<br><br>[ECF Docket No. 1, Exhibit 2.]<br><br>///<br><br>/// | 13. Undisputed. |

| Moving Party's Alleged Undisputed Controverted Facts, and Supporting Evidence: | Opposing Party's Response and Evidence in Support of Genuine Issues: |
|---|---|
| 14. Sevan Derderian was unaware of any allegations by Plaintiff about him or Uniregistry until he was served with Plaintiff's civil complaint.<br><br>[Declaration of Sevan Derderian ¶¶ 3, 4, 6, 7.] | 14. Disputed based on the same facts and law set forth in Response to Nos. 9 and 11, *supra*. Also, plaintiff had provided the correct address of Uniregistry's Newport Beach office on her initial EEOC Charge, and was aware that Mr. Derderian was still employed in Uniregistry's Newport Beach office at that time.<br><br>[Lambert Dec., ¶ 7; Ex. A] |
| 15. Derderian never received a copy of the EEOC complaint from Ms. Lambert or from the EEOC.<br><br>[Derderian Declaration at ¶ 3.] | 15. Disputed based on the same facts and law set forth in Response to Nos. 9, 11 and 14, *supra*. |
| 16. Derderian never received a copy of the DFEH Charge of Discrimination from Ms. Lambert or the DFEH.<br><br>[Derderian Declaration at ¶ 4.] | 16. Disputed based on the same facts and law set forth in Response to Nos. 9, 11 and 14, *supra*. |
| 17. Between March of 2015 and March of 2017, six employees of Uniregistry who were identified by Plaintiff in her complaint, responses to discovery and/or in deposition, or identified by the EEOC as a witness left their employment at Uniregistry.<br><br>[Declaration of Frank Schilling at ¶¶ 16-21; Declaration of Lorraine Ocheltree at ¶ 3, Exhibit B; Declaration of Allegra Jones at ¶ 3, Exhibit A, Lambert Dep. 115:15-117:17; Declaration of Allegra Jones, | 17. Neither disputed nor undisputed, but if true immaterial as a genuine issue exists as to whether defendants were on notice of plaintiff's charges in September of 2015 and/or January of 2016, based on the same facts and law set forth in Response to Nos. 9, 11 and 14, *supra*. Also, a very substantial delay of the investigation and the issuance of the subsequent EEOC right-to-sue letter, from July 18, 2017 through January 23, 2018, can be attributed primarily to defense counsel's delays in responding to the EEOC's requests for information. |

6

| Moving Party's Alleged Undisputed Controverted Facts, and Supporting Evidence: | Opposing Party's Response and Evidence in Support of Genuine Issues: |
|---|---|
| ¶ 3, Exhibit B, Plaintiff's Responses to Derderian Interrogatories, No. 4; Plaintiff's Responses to Uniregistry's Interrogatories Nos. 1, 2, 12, 13, 14: Exhibit F, Plaintiff's Initial Disclosures.] | Further, Uniregistry produced only one (unsigned) affidavit by a Uniregistry employee in response to the EEOC's request for information. Further, it was plaintiff who arguably suffered greater prejudice due to the absence of witnesses.<br><br>[Lambert Dec., ¶¶ 15, 18, Ex. K] |
| 18. One former employee of Uniregistry, Manu Lanctot, identified by Plaintiff in deposition and in responses to discovery has died.<br><br>[Declaration of Frank Schilling at ¶ 22; Declaration of Allegra Jones at ¶ 2, Exhibit A, Lambert depo. 205:14-206:18, 207:7-208:2, 209:7-21; Declaration of Allegra Jones at ¶ 3, Exhibit B, Plaintiff's Response to Derderian's First Set of Interrogatories Nos. 4, 16 and 19 and Plaintiff's Response to Uniregistry's First Set of Interrogatories No. 9.] | 18. Undisputed but immaterial, as Mr. Lanctot had no personal awareness of the sexual harassment against plaintiff that was the basis of her claimed retaliatory termination, but did have knowledge as to the unwarranted changes to her work email password.<br><br>[Lambert Dec., ¶ 18] |
| /// | |
| /// | |
| /// | |
| /// | |
| /// | |
| /// | |
| /// | |
| /// | |

7

PLAINTIFF'S STATEMENT OF GENUINE ISSUES IN RESPONSE TO DEFENDANTS' SEPARATE STATEMENT OF ALLEGED UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| Moving Party's Alleged Undisputed Controverted Facts, and Supporting Evidence: | Opposing Party's Response and Evidence in Support of Genuine Issues: |
|---|---|
| 19. Plaintiff testified in deposition that she could not recall in response to several questions.<br><br>[Declaration of Allegra Jones at ¶ 2, Exhibit A, Lambert Dep. at Lambert Dep., pp. 18, 25, 29, 30, 33-35, 40, 44, 46, 49, 50-53, 56, 58, 61, 66-67, 69-70, 81, 86, 88-89, 91-93, 95-96, 101, 107, 110, 112-114, 116, 123-125, 127, 128, 129-130, 132-133, 137-138, 145-146, 148, 150, 158-160, 162-163, 165, 166, 167-169, 171, 173, 176, 178-179, 180-181, 183-185, 191-193, 195, 198-200, 205, 209-212, 216, 218-219, 221, 223-230, 238, 240-243, 249, 262, 266-267, 268-270, 279, 282-284, 286-287.] | 19. Undisputed, but immaterial as during her deposition if plaintiff could not clearly recall something, she would respond "not that I recall." She did this to make sure that in the event she did clearly recall something later, she could supplement her testimony. In reviewing her deposition transcript, she did not supplement her testimony. She does clearly recall the important facts regarding her case, such as the abusive and harassing treatment she received and how she was treated differently from the male employees.<br><br>[Lambert Dec., ¶ 19] |
| 20. Plaintiff responded to discovery asking her to explain her contention that the statute of limitations had not run by referencing the right-to-sue issued by the EEOC in February 2018, her original September letter to the EEOC and the dual-filed DFEH complaint.<br><br>[Declaration of Allegra Jones at ¶ 3, Exhibit B, Plaintiff's Responses to Defendant Derderian's First Set of Interrogatories, Response Nos. 18 and 20.] | 20. Undisputed as to what plaintiff referenced in her interrogatory responses, but immaterial as plaintiff was not asked to explain why the subsequent EEOC right-to-sue letter was subject to equitable tolling, or why the EEOC should be estopped from asserting any statute of limitations based on its representatives' repeated representations to plaintiff that they were continuing to investigate her Charge after the issuance of the first EEOC right-to-sue letter.<br><br>[Lambert Dec., ¶ 20] |
| 21. The EEOC did not reopen Plaintiff's retaliation claim.<br><br>[Declaration of Lorraine Ocheltree at ¶ 3 and 7, Exhibits B and F.] | 21. Undisputed. |

8

PLAINTIFF'S STATEMENT OF GENUINE ISSUES IN RESPONSE TO DEFENDANTS' SEPARATE STATEMENT OF ALLEGED UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

**Proposed Conclusions of Law**

1.  Defendants are entitled to summary judgment in their favor and against Plaintiff Natalie Lambert on Plaintiff's First Claim for Sexual Harassment under the California Fair Employment and Housing Act (FEHA) (Cal. Gov. Code § 12940(j)) and Second Claim for Retaliation under FEHA (Cal. Gov. Code § 12940(h) because Plaintiff cannot establish that she filed this action - which was filed on July 24, 2018 - within the applicable statute of limitations. See Cal. Gov. Code §§ 12960, 12965.

Disputed. Plaintiff's claims are not barred by the statute of limitations based on the doctrine of equitable tolling. Plaintiff had been assured repeatedly by the EEOC following the issuance of the first EEOC right-to-sue letter on February 1, 2016 that it was still investigating her Charge and that she had ample time to file her civil lawsuit. [Lambert Dec., ¶¶ 9, 10]  Further, the EEOC District Director of the Los Angeles District Office issued a "Notice of Intent to Reconsider" on May 25, 2017 [Lambert Dec., Ex. J], and the EEOC issued its subsequent right-to-sue letter on February 6, 2018. [Lambert Dec., Ex. L] Plaintiff's civil lawsuit was thereafter timely filed on July 24, 2018. <u>Mitchell v. State Department of Public Health</u> (2016) 2 Cal.App.5th 303.

///
///
///
///
///
///

9

PLAINTIFF'S STATEMENT OF GENUINE ISSUES IN RESPONSE TO DEFENDANTS' SEPARATE STATEMENT OF ALLEGED UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

2. Defendant Sevan Derderian is entitled to summary judgment in his favor and against Plaintiff because Plaintiff cannot establish that she exhausted her administrative remedies as to Derderian, as she failed to name him as a defendant in her administrative charge (and otherwise failed to notify him of the charge), raising concerns of fundamental fairness, due process and prejudice.

Disputed. Plaintiff described Sevan Derderian's discriminatory harassment and abuse in three separate places in her initial EEOC Charge of Discrimination and Retaliation filed on September 22, 2015. [Lambert Dec., Ex. A] Mr. Derderian was mentioned six times in the EEOC's Charge of Discrimination and Retaliation filed on January 19, 2016. [Lambert Dec., Ex. C] Also, plaintiff provided the correct address of Uniregistry's Newport Beach office on her initial EEOC Charge; plaintiff received an intake questionnaire dated September 28, 2015 from the EEOC which stated in part: "We have also notified the employer that you are filing a charge, which we are required to do;" and plaintiff was aware that Mr. Derderian was still employed in Uniregistry's Newport Beach office at that time. [Lambert Dec., ¶ 7; Exs. A, B] It strains credulity that Mr. Derderian would not have been aware of the Charge filed by plaintiff in September of 2015 and/or the Charge filed by the EEOC in January of 2016 in view of all of these circumstances. Also, claims that are reasonably related to the Charge in a DFEH complaint may be asserted. <u>Oubichon v. North American Rockwell Corp.</u> (9th Cir. 1973) 482 F.2d 569. Further, In <u>Martin v. Fisher</u> (1992) 11 Cal.App.4th 118, the Court held that it was not necessary for a plaintiff to name a defendant in the caption of a DFEH administrative charge, stating: "We conclude that since

10

respondent was named in the body of the administrative charge and participated in the administrative investigation, the trial court erred in dismissing appellant's claims against him for failure to exhaust administrative remedies." Id. at p. 123.

3. Plaintiff cannot establish her right to bring the Second Claim for Retaliation, in light of the statute of limitations and the EEOC's failure to reconsider her claim for retaliation after the EEOC issued her initial right to sue notice.

Disputed. Plaintiff referenced retaliation in her initial Charge filed with the EEOC. This should have been asserted in her Charge that was dual filed with the DFEH, and is reasonably related to plaintiff's sexual harassment claim. Claims that are reasonably related to the Charge in a DFEH complaint may be asserted. <u>Oubichon v. North American Rockwell Corp.</u>, Ibid.

4. Finally, laches provides an equitable time limitation on Plaintiff's right to bring this suit, and bars this action due to the unreasonable delay that has prejudiced Defendants Uniregistry and Derderian.

Disputed. Laches is an equitable defense, which has been held to apply only to injunctive or other equitable claims. The Rutter Group California Practice Guide, *Employment Litigation* [16:560]. Assuming <u>arguendo</u> that the defense applies, lack of diligence by the plaintiff must be proven by a defendant to assert a laches defense. <u>National Railroad Passenger Corp. v. Morgan</u> (2002) 536 U.S. 101, 122. For all of the reasons discussed in plaintiff's opposition papers to defendants' Motion for Summary Judgment herein, defendants will be unable to prove lack of diligence by plaintiff in pursuing her claims

11

in this action.

Dated:   October 24, 2019        _____
                                  WILLIAM M. CROSBY
                                  Attorney for Plaintiff
                                  NATALIE LAMBERT

PLAINTIFF'S STATEMENT OF GENUINE ISSUES IN RESPONSE TO DEFENDANTS' SEPARATE STATEMENT OF ALLEGED UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW