1
Lorraine P. Ocheltree (SBN 151791)
lpocheltree@duanemorris.com
2
Allegra A. Jones (SBN 236518)
aajones@duanemorris.com
3
**DUANE MORRIS LLP**
Spear Tower
4
One Market Plaza, Suite 2200
San Francisco, CA 94105-1127
5
Telephone:  +1 415 957 3000
Facsimile:   + 1 415 957 3001
6

7
Brooke B. Tabshouri (SBN 279145)
bbtabshouri@duanemorris.com
8
**DUANE MORRIS LLP**
750 B Street, Suite 2900
9
San Diego CA 92101-4681
Telephone:  +1 619 744 2200
10
Facsimile:   +1 619 744 2201

11
Attorneys for Defendants
UNIREGISTRY, INC. and SEVAN DERDERIAN
12

13
## UNITED STATES DISTRICT COURT

14
## CENTRAL DISTRICT OF CALIFORNIA

15
## (SOUTHERN DIVISION - SANTA ANA)

16

17
NATALIE LAMBERT,

18
Plaintiff,

19
v.

20
UNIREGISTRY, INC., a Delaware
corporation; SEVAN DERDERIAN,

21
Defendants.

22

23

24

25

26

27

28

Case No. 8:18-cv-01566-JLS-JDE

**DEFENDANTS UNIREGISTRY, INC.'S AND SEVAN DERDERIAN'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Date:    November 15, 2019
Time:    10:30 a.m.
Dept.:   Courtroom 10A, 10th Floor

(Orange County Superior Court, Case No. 30-2018-01007644-CU-OE-CJC)

1

# TABLE OF CONTENTS

Page No(s).

I.    INTRODUCTION ........................................................................................1

II.   LEGAL ARGUMENT .................................................................................2

      A.    Plaintiff Admits That Her Action Was Untimely Filed ..................2

      B.    The Purpose of the Statute of Limitations Is To Prevent
            Prejudice and Unfair Surprise ..........................................................3

      C.    The Statute of Limitations Was Not Reset .......................................6

      D.    The Statute of Limitations Was Not Equitably Tolled ...................7

      E.    Plaintiff's Attempt To Blame Others Fails As Those
            Immaterial Arguments Do Not Relate To Any Element of
            Equitable Tolling .............................................................................15

      F.    The Undisputed Facts Show Plaintiff Failed to Exhaust
            Administrative Remedies as to Sevan Derderian, Who Was
            Unnamed and Did not Participate In the Administrative
            Proceedings ......................................................................................19

      G.    The Opposition Fails To Address The EEOC's Failure To
            Reopen The Retaliation Claim ........................................................21

      H.    Plaintiff Cannot Show She Diligently Pursued Her Claims,
            Thus Supporting the Affirmative Defense of Laches ...................21

III.  CONCLUSION .........................................................................................23

DEFENDANTS REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
CASE NO. 8:18-cv-01566-JLS-JDE

# TABLE OF AUTHORITIES

<u>Page No(s).</u>

**Federal Cases**

*Baldwin County Welcome Center v. Brown*
466 U.S. 147 (1984)..................................................................8-9, 14

*Coppinger-Martin v. Solis*
627 F.3d 745 (9th Cir. 2010) ...........................................................8

*G&G Prods. LLC v. Rusic*
902 F.3d 940 (9th Cir. 2018) ............................................................4

*Gonzalez v. Firestone Tire & Rubber Co.*
610 F.3d 241, 245-46 (5th Cir. 1980) ...............................................7

*Holland v. Florida* (2010)
560 U.S. 631, 130 S.Ct. 2549 ..........................................................15

*Irwin v. Dep't of Veterans Affairs*
498 U.S. 89, 111 S. Ct. 453 (1990) ...................................................8

*James v. j2 Cloud Servs.*
No. 2:16-cv-05769-CAS(PJWx), 2019 U.S. Dist. LEXIS 90895 (C.D.
Cal. May 29, 2019) ...........................................................................22

*Kennedy v. Allied Mut. Ins. Co.*
952 F.2d 262 (9th Cir. 1991) ............................................................5

*Lehman v. United States*
154 F.3d 1010 (9th Cir. 1998) ..........................................................8

*Lute v. Singer*
678 F.2d 844, 846 (9th Cir. 1982) ....................................................7

*Mahgerefteh v. City of Torrance*
324 F.Supp.3d 1121 (2018) .............................................................16

*Menominee Indian Tribe v. U.S.* (2016)
577 U.S. ____ .................................................................................15

*Oubichon v. N. Am. Rockwell Corp.*
   482 F.2d 569 (9th Cir. 1973) ............................................................20-21

*Pace v. DiGuglielmo*
   544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005) .........................15

*Polk v. OSI Elecs., Inc.*
   2014 WL 12787639 (C.D. Cal., 2014) ...................................................21

*Sanchez v. Standard Brands, Inc.*
   431 F.2d 455 (5th Cir. 1970) .................................................................21

*Santa Maria v. Pac. Bell*
   202 F.3d 1170 (9th Cir. 2000) (overruled on other grounds by *Socop-Gonzalez v. I.N.S.*, 272 F.3d 1176, 1194-96 (9th Cir. 2001) (en banc)) ................17

*Stamper v. Duval Cnty. School Bd.*
   863 F.3d 1336 (11th Cir. 2017) ............................................................6-7

*Trujillo v. Gen.l Elec. Co.*
   621 F.2d 1084, 1086-1087 (10th Cir. 1980)..............................................7

*U.S. v. Freeman*
   498 F.3d at 905 ......................................................................................13

*United States v. Kubrick* (1975)
   444 U.S. 111 ........................................................................................3-4

*Wood v. Carpenter* (1879)
   101 U.S. 135 ............................................................................................4

*Yeager v. Bowlin*
   693 F.3d 1076 (9th Cir. 2012) .................................................................5

**California Cases**

*Addison v. State of California*
   2 Cal.3d 313 (1978) ...............................................................................10

*Benavidez v. San Jose Police Dept.*
   71 Cal.App.4th 853 (1999) .......................................................................5

*Bozzi v. Nordstrom, Inc.* 186 Cal.App.4th 755, 761 (2010) ........................13

*Gutierrez v. Mofid*
   39 Cal. 3d 892 (1985) ........................................................................... 4

*Hall v. Goodwill Indus. of Southern Calif.*
   193 Cal.App.4th 718 (2011) ................................................................. 3

*Hopkins v. Kedzierski*
   225 Cal.App.4th 736 (2014) ................................................................. 9

*Johnson v. City of Loma Linda*
   24 Cal.4th 61 (2000) ........................................................................... 22

*Martin v. Fisher*
   11 Cal.App.4th 118 (1992) ............................................................. 19-20

*McDonald v. Antelope Valley Comm. Coll. Dist.,*
   45 Cal.4th 88 at 102 ..................................................................... 10, 15

*Millbrae Assn. for Residential Survival v. City of Millbrae* (1968)
   262 Cal.App.2d 222 ........................................................................... 22

*Sanchez v. Kern Emergency Medical Transportation Corporation*
   8 Cal.App.5th 146, 155 (2017) ...................................................... 13, 21

*Valdez v. City of L.A.*
   231 Cal.App.3d 1043 (1991) ............................................................... 21

*Visueta v. General Motors Corp.*
   234 Cal.App.3d 1609 (1991) ................................................................. 5

**State Statutes**

Gov. Code § 12965(b) ............................................................................. 3

**Rules**

Fed. R. Evid. 402 ............................................................................. 15-16

Fed. R. Evid. 701 ................................................................................. 13

Fed. R. Evid. 701, 801(c), 802 ............................................................... 6

Fed. R. Evid. 801(c), 802 ...................................................................... 16

**Regulations**

29 C.F.R. § 1601.21(b)(1)..................................................................................... 6

**Other Authorities**

*Hubbs v. Cnty. of San Bernardino*
    No. ED CV 08-0989 ........................................................................... 9, 13

**Suspects**

*Bozzi v. Nordstro*m ............................................................................. 13

136 S. Ct. 750, 755 ............................................................................. 15

DM2\10598348.4

DEFENDANTS REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
CASE NO. 8:18-cv-01566-JLS-JDE

# I.    INTRODUCTION

Plaintiff's Opposition (ECF No. 27) to Defendants' Motion for Summary Judgment (ECF No. 22) admits the undisputed facts that Plaintiff dual-filed an administrative charge with the California Department of Fair Employment and Housing (DFEH) and the Equal Employment Opportunity Commission (EEOC); she received a January 19, 2016  "right to sue" notice from the DFEH providing a one-year deadline (until January 18, 2017) to file a civil action; on February 1, 2016, the EEOC subsequently dismissed and issued a right-to-sue; and Plaintiff did not file a civil lawsuit until July 24, 2018. Summary judgment is justified on these simple facts, as the statute of limitations had run long before this action was filed.

Plaintiff chose not to file a civil lawsuit.  There is no showing that she attempted to or was prevented from filing suit on time.  Plaintiff changed her mind about filing a civil lawsuit well after the statute of limitations had passed.  Faced with no other alternative, Plaintiff seeks equitable relief from the court although there is absolutely no justification for such relief.

In an effort to manufacture a factual dispute where there is none, the Opposition attempts, but fails, to establish that Plaintiff is entitled to equitable tolling of the statute of limitations. Plaintiff tries to place blame on everyone else – the EEOC, her lawyer, and Defendants – rather than accept that she had ample notice of the statutory deadline and chose not to pursue a timely lawsuit. Plaintiff presents immaterial, inadmissible, and editorialized "evidence" to support her arguments and

DEFENDANTS REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
CASE NO. 8:18-cv-01566-JLS-JDE

advances "disputed issues" that are merely legal conclusions in unconvincing disguise.   Even if the objectionable "evidence" was considered, the required elements of equitable tolling are not met.

Summary judgment is warranted in Defendants' favor because Plaintiff fails to raise a genuine dispute of material facts, and the uncontroverted material facts show that the applicable statute of limitations ran long before Plaintiff filed this action. (*See* Reply Statement of Uncontroverted Facts and Conclusions of Law, filed herewith and incorporated by this reference).  Plaintiff cannot establish equitable tolling, cannot demonstrate administrative remedies were exhausted as to Defendant Sevan Derderian (who knew nothing about her claims until this lawsuit was served on him and did not participate in the administrative proceedings), and cannot pursue a retaliation claim that was dismissed long ago and was not reinvestigated.  For these reasons, Defendants Uniregistry, Inc. and Sevan Derderian respectfully request the Court grant judgment in their favor.

## II.   LEGAL ARGUMENT

### A.   Plaintiff Admits That Her Action Was Untimely Filed

Plaintiff admits all of the key facts necessary to establish she missed the statute of limitations.  First, she concedes that she submitted a letter to the EEOC in September of 2015, which became an EEOC charge, which was dual-filed with the DFEH.  (See ECF No. 28 [Plaintiff's Statement of Genuine Issues In Response to Defendants' Separate Statement of Alleged Uncontroverted Facts and Conclusions of

Law ("PSUF")] at p.3 [No. 4].)  Second, she admits that she received a Notice of

Complainant and Respondent and Notice to Complainant of Right to Sue ("DFEH

Right To Sue") dated January 19, 2016 advising Plaintiff of her deadline "to file a

private lawsuit in State Court…within one year from the date of such notice." (*Id.* At

[No. 6]; ECF 24-1, [Deposition Transcript of Natalie Lambert ("Lambert Dep.") at p.

123 [Lines 17-23] and p. 147.)[1] Third, she admits the EEOC also issued a Dismissal

and Notice of Rights on February 1, 2016, which she received.  (ECF 28 at p. 4 [No.

7].)

       Accordingly, it is undisputed that Plaintiff failed to file this lawsuit within one

year from January 19, 2016 (i.e., by January 18, 2017.) (*See* ECF 1 [Notice of

Removal] at Exhibit 2 [Complaint filed on January 24, 2018].)

       On these facts alone, it is obvious Plaintiff missed the deadline to file suit, and

the Court should grant this motion.

**B.    The Purpose of the Statute of Limitations Is To Prevent Prejudice and Unfair Surprise**

       "Statutes of limitations, which 'are found and approved in all systems of

enlightened jurisprudence,' (citations omitted), represent a pervasive legislative

judgment that it is unjust to fail to put the adversary on notice to defend within a

specified period of time and that the right to be free of stale claims in time comes to

prevail over the right to prosecute them."  *United States v. Kubrick* (1975) 444 U.S.

---

[1] *See*  Gov. Code § 12965(b); *Hall v. Goodwill Indus. of Southern Calif.,* 193 Cal.App.4th 718, 730 (2011) ("the FEHA's one year statute of limitations period began to run as of the date of the right-to-sue notice issued to [claimant]").)

DEFENDANTS REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
CASE NO. 8:18-cv-01566-JLS-JDE

111 at 117, citing to *Wood v. Carpenter* (1879) 101 U.S. 135, 139. These are statutes of repose, and although they afford plaintiffs what the legislature deems a reasonable time to present their claims, they protect defendants and the courts from having to deal with cases in which the search for truth may be seriously impaired by the loss of evidence, whether by death or disappearance of witnesses, fading memories, disappearance of documents, or otherwise. *United States v.* Kubrick *, Id*. at 117. *See Also G&G Prods. LLC v. Rusic*, 902 F.3d 940, 942 (9th Cir. 2018), statutes of limitations are intended to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost memories have faded, and witnesses have disappeared; *See Also Gutierrez v. Mofid*, 39 Cal. 3d 892, 895 (1985) .

Plaintiff concedes that there is evidence in this case that has been lost, memories have faded, and witnesses are no longer available. She does not dispute that between the time she left her employment and Defendants learned of her claims, six employees, all identified as witnesses, had left their employment at Uniregistry. (ECF 28 at p.6 [ No. 17].) She does not dispute that Manu Lanctot, who she claims played a role in her alleged complaints, has died. (*Id.* at (No. 18].) [2] Further, she does not dispute that one witness, Michael Ward, her supervisor, to whom she allegedly

---

[2] Ironically, she stated in response to interrogatories Mr. Manu was a person who had knowledge in particular about her contention "that the statute of limitations on (her) claims had not run." (See Plaintiff's Responses to Defendant Uniregistry's First Set of Interrogatories, Exh. B to Jones Dec., page 13:15-23.)

complained of harassment, is not available.[3] (ECF 22- 20 [Plaintiff's Responses to

Defendant Uniregistry's First Set of Interrogatories] at p. 5 [Lines 17-25], p. 13 [Lines

6-12 and 18-24].)  Plaintiff ignores the evidence from the four additional coworkers

who are no longer with Uniregistry, including women Plaintiff admitted at deposition

to having worked with, contradicting the allegations of her administrative complaint.[4]

(ECF 22-3 [Deposition of Frank Schilling ("Schilling Dep.")], ¶¶ 16-21; ECF 22-8

[Deposition of Sevan Derderian ("Derderian Dep.")] at ¶ 5; ECF 24-1 [Lambert Dep.]

at pp.43-46 [Lines 115:7-117:13.])  Plaintiff does not refute the fact that documents

have been lost and memories have faded, including her own.  (*Id. see also* ECF 28 at

P. 8 [No. 19].)  If Plaintiff had filed her civil lawsuit within the one year period of

time of which she was notified, these events may not have occurred.  But they did, and

in light of the obvious prejudice to Defendants in not being able to interview

witnesses, find documents, or recreate memories, Plaintiff's claims should not be

revived.

---

[3] The undisputed evidence in Plaintiff's interrogatory responses also reflect that she claims Mr. Ward provided feedback on her performance and alleged terminated her.

[4] It is worth noting that Plaintiff also contradicts herself in at least two other instances. She claimed she was the only female in the Newport Beach office but then named several female coworkers in her office, in her deposition. (*Compare* (ECF 29 at p. 11 [Ex. A to Lambert Dec.] to ECF 24-1 [Errata to Ex. A to Jones Dec.] at p. 44 [Lines 5-12].) In addition, Plaintiff claimed she was not given a reason for being terminated but then admits in the Opposition it was for poor sales. (*Compare* ECF 29 [Ex. C to Lambert Dec.] p. 17 to ECF 27 at p. 7 [Lines 26-28]; ECF 29 atp. 3 [Lambert Dec.], ¶5.)  However, these issues are not genuine issues of material fact, and even if they were, such contradictions cannot be used to survive a motion for summary judgment. *Yeager v. Bowlin*, 693 F.3d 1076, 1080 (9th Cir. 2012); *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991). *See also Benavidez v. San Jose Police Dept.*, 71 Cal.App.4th 853, 861 (1999); *Visueta v. General Motors Corp.*, 234 Cal.App.3d 1609, 1613 (1991).

## C.     The Statute of Limitations Was Not Reset

Relying on hearsay statements and unsupported supposition, the Opposition suggests that the EEOC's decision to reconsider her claims reset the statutory deadline to file suit.  (*See* ECF No. 27 at p. 16 [Lines 17-28]; *see* Fed. R. Evid. 701, 801(c), 802.)  Although the Opposition mentions only in passing the regulation governing the EEOC's authority (ECF No. 27, p. 17 [Lines 4-6]), it completely ignores that provision of the regulation directly on point providing that an initial right to sue cannot be revoked if more than 90 days have passed after that original right to sue was issued. (*See* 29 C.F.R. § 1601.21(b)(1).)  In other words, that deadline cannot be reset even if the EEOC decides to reconsider a claim.  Here, it is undisputed that the EEOC's original right to sue was issued February 1, 2016.  (ECF 24-1 [Lambert Dep.] at p. 120 [260:7-15]; ECF 28 at p. 4 [No.7].)  It is also undisputed that the attempt at revocation of that initial right to sue occurred in May 2017.  (ECF 25 at p.5 [No. 10].) As more than 90 days had passed after the initial right to sue was issued, the EEOC exceeded its authority under the regulation. By failing to address this argument, the Opposition concedes it.

It is telling that the Opposition completely ignores a pivotal case on this point, *Stamper v. Duval Cnty. School Bd.*, 863 F.3d 1336, 1349-41 (11th Cir. 2017), wherein the court affirmed the district court's granting of summary judgment in favor of the defendants on the ground that the action for disability and race discrimination was untimely. The *Stamper* court explained that the relevant regulation codified the

equitable rule that the EEOC could restart the running of the limitations period by issuing a second right-to-sue notice *only if* the EEOC issued a notice of intent to reconsider *before* the expiration of the original limitations period. *(Id.* at 1340) (emphasis added). Equitable considerations are already incorporated into the regulation. (*Id*.) The rule is so strict that even plaintiff's schizophrenia did not suffice to equitably toll the statute of limitations. (See Id. at 1342 ["The record belies any assertion that Stamper's medical condition prevented her from filing suit within the limitations period."].)

Plaintiff does not refute the authority cited by Defendants in support of the proposition that the EEOC's authority to rescind a right to sue is limited to those cases in which it decides to reconsider and notifies all parties of its decision within 90 days after it first issues a notice of right to sue, which did not occur in this case.  (ECF 22-1 at p. 23  [citing  *See Lute v. Singer*, 678 F.2d 844, 846 (9th Cir. 1982), *Trujillo v. Gen.l Elec. Co.,* 621 F.2d 1084, 1086-1087 (10th Cir. 1980) and *Gonzalez v. Firestone Tire & Rubber Co.,* 610 F.2d 241, 245-46 (5th Cir. 1980).].)

### D.    The Statute of Limitations Was Not Equitably Tolled

Despite the facts of *Stamper,* in which the court held that even a serious psychiatric condition was insufficient to reopen a statutory deadline, Plaintiff suggests that she should be given that advantage.  The Opposition primarily relies on the argument that Plaintiff's claims are not time barred because the statute of limitations should have been equitably tolled.

Courts apply the doctrine of equitable tolling sparingly. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453 (1990).[5] "Courts have been generally unforgiving … when a late filing is due to claimant's failure 'to exercise due diligence in preserving his legal rights.'" *Lehman* 154 F.3d 1010, 1016 (9th Cir. 1998) (internal citations omitted). The doctrine of equitable tolling is not available "to avoid the consequences of one's own negligence." *Id.* "Equitable tolling may not be invoked by a … plaintiff who, within the limitations period, has sufficient information to know of the possible existence of a claim." *Coppinger-Martin v. Solis*, 627 F.3d 745, 750 (9th Cir. 2010).

The U.S. Supreme Court considered the issue of equitable tolling in a case remarkably similar to the one at hand.  In *Baldwin County Welcome Center v. Brown,* 466 U.S. 147 (1984), an employee filed a complaint with the EEOC alleging discriminatory treatment by her former employer.  (*Id.* at 148.) A notice of right to sue was issued stating that if the former employee chose to commence a civil action she had to file it within 90 days of receipt of the notice.  (*Id.*) The employee mailed the notice to the court within the 90 day period but did not file a civil lawsuit.  (*Id.*) She was reminded within the statute of limitations period of the filing deadline, yet she missed it.  Plaintiff claimed that she had made "diligent efforts" that should have

---

[5] For example, the U.S. Supreme Court has allowed equitable tolling when the statute of limitations was not complied with because of defective pleadings, when a claimant was tricked by an adversary into letting a deadline expire, and when the [agency's written] notice of the statutory period was clearly inadequate. *Lehman v. United States*, 154 F.3d 1010, 1016 (9th Cir. 1998). Neither of those circumstances are present in the instant case, as described herein.

DEFENDANTS REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
CASE NO. 8:18-cv-01566-JLS-JDE

relieved her of her obligation to file the civil lawsuit within the limitation period.  (*Id.*)

The court disagreed, stating there was nothing in the record to call for the application

of the doctrine of equitable tolling.  Taking note of the right-to-sue letter itself and a

subsequent reminder of that limitation, the Court dismissed the action.  In doing so,

the Court stated;

> Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of vague sympathy for particular litigants… [i]n the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law. (*Brown* at page 152.)

As to Plaintiff's contention that the doctrine of equitable tolling should apply

because the employer had not demonstrated that it was prejudiced by her failure to

comply, the Court remarked:

> This argument is unavailing. Although the absence of prejudice is a factor to be considered in determining whether the doctrine of equitable tolling should apply once a factor that might justify such tolling is identified, it is not an independent basis for invoking the doctrine and sanctioning deviations from established procedures. (*Brown* at 152.)

The Supreme Court dismissed the action.  Numerous other courts have likewise

dismissed claims that were filed beyond the statute of limitations. *See Hubbs v. Cnty.*

*of San Bernardino*, No. ED CV 08-0989 CBM (FMO), 2011 U.S. Dist. LEXIS

161377, at *20-21 (C.D. Cal. May 17, 2011) (deciding that motion for summary

judgment should be granted because there was no basis to grant plaintiff equitable

tolling of the statute of limitations). *See also Hopkins v. Kedzierski*, 225 Cal.App.4th

736, 745-46 (2014), establishing the trial court is the trier of fact with respect to

equitable issues, and there is no right to a jury trial on equitable tolling.

There is nothing special about the facts here that warrants deviating from established procedures.  Plaintiff has not shown she is entitled to equitable tolling, in order to excuse her failure to file suit within the limitations period.  Plaintiff must establish *all* of the following three elements for equitable tolling to apply: (1) timely notice to defendant in filing the first claim; (2) lack of prejudice to defendant; and (3) reasonable and good faith conduct by plaintiff in filing the second claim. *See McDonald v. Antelope Valley Comm. Coll. Dist.*, 45 Cal.4th 88 at 102 (*quoting Addison v. State of California*, 2 Cal.3d 313, 319 (1978)). Here, the undisputed facts fail to support any of the required elements.

First, the undisputed facts establish that neither Uniregistry nor Derderian received timely notice of the first claim, i.e. Plaintiff's administrative charge. Although she began pursuing the initial charge in September of 2015 (ECF 24-1 [Lambert Dep.] at  pp.13-14 [Lines 43:10-44:1], pp. 117-120 [Lines 256:7-11, 258:21-259:12]; ECF 28-1 at p.3 [No.4]) Plaintiff has not shown that Uniregistry received any notice of a dispute before March 23, 2017 (ECF No. 22-3 [Shilling Dec.], p. 2:18-26 [¶¶ 7-8]) or that it received anything related to the EEOC before June 15, 2017 (*Id.* p. 3:12-14 [¶ 11].) Further, she has not shown that Mr. Derderian received notice prior to the filing of the lawsuit in July 2018.  (ECF 22-2 at p. 3 [Nos. 14-16]; [Declaration of Sevan Derderian ("Derderian Dec."), ¶¶ 3-4, 6-7].)

The Opposition tries to create a "dispute" without providing sufficient evidence, let alone admissible evidence, regarding when Uniregistry and Derderian first learned

of Ms. Lambert's charges or received any documents from the EEOC. (*See* ECF No. 28 pp. 4-6 [Nos. 9, 11, 14-16].) Plaintiff's suggestion that the EEOC mailed something to the Defendants is speculative.  The "mailbox rule" (ECF No. 27, at p. 23:21-24) is entirely inapplicable when the evidence shows that nothing was mailed to a relevant mailbox in the first place.  The Opposition concedes that, "Ms. Lambert was unaware of whether or not the Charges and right-to-sue letters previously issued by the EEOC and the DFEH had in fact been sent to Uniregistry or Mr. Derderian." (*Id.* at p. 10 [Lines 15-17].) The uncontested evidence shows that the relevant EEOC administrative notices cited in this dispute were sent to a then-defunct Marina Del Ray address for Uniregistry. (ECF No. at 29, pp. 19, 23 [Lambert Dec. Exs. D and F]; ECF No. 22-3 [Declaration of Frank Schilling ("Schilling Dec.)], pp. 2 [Lines 10-12] p.3 [Lines 12-14 [¶¶5, 10]; ECF No. 22-18 [Declaration of Allegra Jones ("Jones Dec.")], p. 2 [Lines 17-20 [¶5] and 22-22 at p. 7.) Uniregistry does not know why the EEOC sent mail to an abandoned address from which Uniregistry had relocated, if indeed they were sent.  (See ECF No. 22-3 [Schilling Dec.], at pp. 2 [Lines 10-12], p. 3 [Lines 12-14 [¶¶5, 10].) While Plaintiff alleges that she gave the EEOC a Newport Beach address, there is no proof the EEOC used it. The first document Uniregistry received from the EEOC arrived in July 2017.  (See ECF 22-3 at p. 3 [Lines 12-14] [¶ 11].)

As for Mr. Derderian, none of the administrative notices suggest they were sent to him.  There are no facts to show he learned of the administrative charge until this

action was filed. No evidence shows the EEOC complaint was sent to him, as it did not list his address or otherwise indicate mailing. (ECF No. 22-2 at p. 3 [No. 15]; Lambert Dep. Ex. 40.) No evidence demonstrates he received any information about the charge from the EEOC, Plaintiff or elsewhere. (ECF No. 22-2 at pp. 3-4 [Nos. 15-16]; ECF No. 22-8 [Derderian Dec.] at ¶¶ 3, 4, 6.)  Plaintiff's "evidence" to refute those facts is inadmissible; even if it were considered, it does not refute Defendants' facts.  Because Plaintiff cannot demonstrate either Defendant received timely notice of her initial claim, she cannot meet that required element of equitable tolling.

Even if Plaintiff could demonstrate Defendants received timely notice, she cannot demonstrate a lack of prejudice to both Defendants.  The Opposition does not dispute that Plaintiff's former supervisor (Michael Ward) cannot be located or that he is a key witness. (ECF 27, at pp. 20 [Line 26] – p. 21 [Line 2].)  Plaintiff concedes that Plaintiff's coworker to whom she allegedly reported Derderian's misbehavior (Manu Lancot) has died.  (ECF 27, at pp. 20 [Lines 23-26.) Numerous critical witnesses – many of whom Plaintiff identified in deposition as having worked with her at Uniregistry – have left the company. (ECF 24-1, at pp. 44-45; ECF 22-3 [Schilling Dec.], at ¶¶ 16-21.) Defendants are prejudiced as they cannot interview those people, ask for their documents, or call them to trial to support their defenses.

Based on pure conjecture, Plaintiff suggests *she* too could be prejudiced by the witnesses' unavailability "as they would have presumably corroborated her complaints." (ECF 27, at p. 21 [Lines 2-5].)  That is not an element of equitable

tolling but drives home the point that the unavailability of witnesses creates problems of proof. Her guess as to what the lost testimony or documents would have revealed is immaterial, insufficient and unpersuasive. *See* Fed. R. Evid. 701; *U.S. v. Freeman,* 498 F.3d at 905*; see also Bozzi v. Nordstro*m, Inc. 186 Cal.App.4th 755, 761 (2010) (court may only consider admissible evidence in deciding whether there is a triable issue); *Sanchez v. Kern Emergency Medical Transportation Corporation* 8 Cal.App.5th 146, 155 (2017) (Plaintiff's burden of production is not satisfied by declarations containing conclusions based on assumptions unsupported by the record or upon factors which are speculative, remote, or conjectural).

Further, Plaintiff does not refute the fact that documents have been lost and memories have faded. (ECF 28 at p.6 [ Nos. 17-18]; ECF 22- 20 at p. 5 [Lines 17-25], p. 13 [Lines 6-12 and 18-24]; ECF 22-3 [Schilling Dep.] at ¶¶ 16-21; ECF 22-8 [Derderian Dep.] at ¶ 5; ECF 24-1 [Lambert Dep.] at pp.43-46 [Lines 115:7-117:13.].) Without that evidence available, Defendants have lost the ability to defend their claims fully and have been prejudiced. According, Plaintiff has not met the second required element to succeed on an equitable tolling argument.

Assuming *arguendo* that Plaintiff could establish *both* timely notice to defendants *and* a lack of prejudice to them, she cannot prove the third required element - she acted reasonably and in good faith. Without that evidence, she cannot take advantage of equitable tolling. *See Hubbs v. Cnty. of San Bernardino*, No. ED CV 08-0989 CBM (FMO), 2011 U.S. Dist. LEXIS 161377, at *20 (C.D. Cal. May 17,

2011) (stating it was clear plaintiff did not act in good faith in failing to timely pursue his claims).

This is not a situation of an uneducated individual acting *in pro per*. Plaintiff claims she is an educated woman and she acknowledges she was represented by and had access to counsel. (ECF 27 at p. 8 [Lines 17-19].) Neither she nor her counsel can claim ignorance of applicable deadlines, which were clearly laid out in each notice issued by the EEOC and DFEH, if she chose to pursue a civil action. Further, Plaintiff admits speaking with EEOC investigative personnel, Brandon Mancia, on April 13, 2016, during the applicable limitations period. (ECF 29 at p. 5 [Lines 5-8 [¶9].) She does not dispute that Mr. Mancia sent a memo to the file the following day, confirming:

> [Charging Party] CP was contacted about her reconsideration request. CP had no new information to provide. CP still does not have any comparators. CP was informed that her reconsideration request was denied by Enforcement Manager Patricia Kane…*CP was also informed that her Federal RTS could not be extended and would expire on May l, 2016. CP stated that she understands.* [Jones Dec., Ex. D [EEOC 000439], emphasis added.]

Plaintiff's silence on this issue speaks volumes. As in the *Baldwin County Welcome Center v. Brown, Supra,* decision, Plaintiff had knowledge of deadline stated in the various rights-to-sue, was warned right-to-sue deadlines could not be extended, but still opted not to file a timely lawsuit. Plaintiff here even had the benefit of access to counsel. Under the circumstances, it cannot be said that she acted reasonably and in good faith, and she cannot be allowed to take advantage of equitable tolling.

Principles of fundamental fairness, due process, and public interests also support granting summary judgment under these circumstances. *See McDonald  7d.,* 45 Cal.4[th] 88.

Plaintiff cannot meet the three-part test to achieve equitable tolling under California law.  The test under federal law is even more daunting.  A litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes: (1) that she has been pursuing her rights diligently, and (2) the existence of some extraordinary circumstance stood in her way and prevented timely filing." (*Menominee Indian Tribe v. U.S.* (2016) ; 136 S. Ct. 750, 755; *Holland v. Florida* (2010) 560 U.S. 631, 130 S.Ct. 2549 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Here, Plaintiff cannot establish either element.  As set forth directly above, she did not pursue her rights diligently.  Moreover, she has not shown any extraordinary circumstance that stood in her way to prevent timely filing.

### E.    Plaintiff's Attempt To Blame Others Fails As Those Immaterial Arguments Do Not Relate To Any Element of Equitable Tolling

Plaintiff points the finger at everyone else in an attempt to reopen the deadline she chose to let pass.  None of her arguments suffice as they do not relate to the elements of equitable tolling.

The Court should disregard Plaintiff's attempt to spread blame to her own attorney, as it is completely irrelevant. *See* Fed. R. Evid. 402. Plaintiff alleges she relied on the advice of her counsel at Scott Wagner & Associates and thought she had

additional time to file suit. (*See* ECF 27, at p. 10 [Lines 11-14].) That conclusory

allegation is devoid of facts. Without factual support such as dates, times, substance,

or any other details of communications, this vague, conclusory, hearsay evidence is

inadmissible.  *See* Fed. R. Evid. 801(c), 802; Such argument is not only immaterial

because it does not relate to any element of equitable tolling and therefore cannot

affect the right to recover under applicable substantive law (*see Mahgerefteh v. City of*

*Torrance,* 324 F.Supp.3d 1121, 1126-27 (2018) (internal citations omitted)), but it is

also unpersuasive because Plaintiff was clearly warned of her deadline in documents

she admits having received.  (ECF 24-1, at p. 146-47, ECF 28 at pp. 3-4 [Nos. 6-7.)]

[EEOC Right To Sue and DFEH Right To Sue]; ECF No. 28 [PSUF], #6-7.)] Further,

her deadline to sue was explicitly brought to her attention by EEOC personnel on or

about April 14, 2016. (ECF 22-22, at p. 8.)[6]

Similarly, Plaintiff's attempts to blame defense counsel are irrelevant, based on

inadmissible evidence, and are unsupported. (ECF 27, at p. 11 [Lines 11-21]; *see* Fed.

R. Evid. 402;)  The Ninth Circuit has specifically stated that equitable tolling focuses

on whether the plaintiff's delay was excusable, and does not depend on the defendant's

wrongful conduct.  *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000)

(overruled on other grounds by *Socop-Gonzalez v. I.N.S.*, 272 F.3d 1176, 1194-96 (9th

---

[6] As a matter of fairness, advice by Plaintiff's prior counsel is a matter she should take
up with prior counsel. Plaintiff offers no admissible evidence regarding the details of
this supposed advice. Moreover, Defendants should not be forced to pay for bad
advice she may (or may not) have received from counsel.

Cir. 2001) (en banc)). Even if such conduct was relevant, and the evidence proffered was admissible, a review of the correspondence offered by Plaintiff shows it does not support her contentions.  The correspondence confirms Uniregistry had communicated to the EEOC before receiving the Intent of Notice to Reconsider that individuals the agency had wanted to interview no longer worked for the company and were no longer in the area.  (ECF 29, p. 36.)  A review of the more complete communications between defense counsel and the EEOC reflect an attempt to educate the EEOC about standards, in an attempt to save time and money for all involved, prior to engaging in interviews.  (ECF 22-10 [Ocheltree Dec.] at ¶¶ 2-8, Exs. A-G].) Moreover, those communications could not have impacted Plaintiff's ability to file suit as they all took place from July 2017 to January 2018.  (ECF 29, pp. 35-45.)

Finally, Plaintiff's suggestion that the EEOC was somehow at fault does not rise to equitable tolling.  Plaintiff claims the EEOC told her it was continuing to investigate and re-evaluating her right to sue. (ECF 27, at p. 10 [Lines 6-10].)  She relies on vague recollections of telephone calls with the EEOC staffers that are inadmissible. (*Id.*)  There is nothing to suggest that she was given false information or was misled.  To the contrary, the evidence shows the EEOC warned Plaintiff not to miss her deadline to file a civil lawsuit. (*See* ECF 22-22 at p. 8.)

Plaintiff suggests the EEOC investigation was inadequate, but the manner in which the EEOC investigates is not a factor in equitable tolling.  Further, Plaintiff offers no legal authority to support her suggestion that the law requires the EEOC to

investigate in a certain way or for a certain length of time. The suggestion that the EEOC's investigation was inadequate is not only irrelevant but is also untrue.  The undisputed facts reflect that the EEOC considered Plaintiff's claim for over four months before issuing the initial dismissal and right to sue.  (*See* ECF 27, at pp. 8 [Lines 19-21] p.9:5-6; ECF 29 [Charge of Discrimination, Ex. A to Lambert Dec., dated September 22, 2015.])[7]  The agency interviewed Plaintiff well before issuing the initial right-to-sue.  (ECF 29, p. 14 [Ex. B to Lambert Dec.].)  Moreover, it confirmed it had investigated before issuing the dismissal and right to sue. (ECF 29, p. 23 [Ex. F to Lambert Dec.].) The EEOC's dismissal and right to sue stated, "Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes…." (ECF 29, p. 23.) [8] Although not relevant to this motion, Plaintiff misrepresents what occurred during the EEOC proceedings. (ECF 27 [Opposition], p. 17 [Lines 14-16].)[9]

To accept Plaintiff's argument that the EEOC investigation was inadequate, which should then extend her statute of limitations, would essentially allow anyone

[7] Her own documents and concessions refute her suggestion they investigated only two weeks.

[8] The Plaintiff's suggestion that the supplemental investigation following the initial dismissal was also inadequate is also unsupported by the evidence.  The EEOC interviewed at least one Uniregistry employee, Vern Jurovich, prior to issuing the second dismissal.  (ECF No. 29, p. 44 [Ex. K to Lambert Dec., stating "Both Mr. Jurovich and I are available for his interview on the afternoon of Wednesday, December 20, 2017…")

[9] Among other things, there was no conciliation proceeding.

The DFEH's immediate right-to-sue is part of the standard process in a dual-filed administrative proceeding.

18

who missed a statutory deadline to blame the EEOC in order the skirt the legislative

deadline to file suit.

**F.    The Undisputed Facts Show Plaintiff Failed to Exhaust Administrative Remedies as to Sevan Derderian, Who Was Unnamed and Did not Participate In the Administrative Proceedings**

The undisputed facts show Plaintiff failed to exhaust administrative remedies as

to Sevan Derderian.  It is undisputed that the EEOC charge did not name Derderian as

a defendant. (ECF 27, at p. 5 [Line 28] – p. 9 [Line 1].) Despite being identified in the

body of the administrative complaint, Plaintiff cannot prove: (1) Derderian was on

notice of the charge at the time or (2) he participated in any manner in the

administrative proceedings. In the only case on point cited in Plaintiff's Opposition on

this topic both of those two factors were present.

In *Martin v. Fisher*, 11 Cal.App.4th 118 (1992), the question was whether

Plaintiff had exhausted her administrative remedies against a defendant who not only

was on notice of the claims against him but fully participated in the administrative

proceedings.  In that case, not only did that respondent learn of the charges through

his employment, but also he was also interviewed by an EEOC representative with

corporate counsel present. (*Id*. at 120.) He received notice, a timely chance to learn

about the allegations against him, and the opportunity to defend himself in the EEOC

investigation. (*Id*.) As such, he could anticipate that he would be named in an ensuing

lawsuit.  The *Martin* court recognized the need for "providing legitimate protection to

individuals who are *made aware of the charges* through the administrative

proceeding." *Martin, (Id*. at 122) (emphasis added).  The court relied on the fact that the respondent "participated in the administrative investigation" in reaching its conclusion.  (*Id*. at 123.)

The *Martin* case is distinguishable from the present facts based on notice and participation.  In the instant case, the undisputed evidence shows Derderian had no notice of the administrative charges until this lawsuit was filed and had no opportunity to participate in, respond to, or otherwise investigate Ms. Lambert's allegations against him during the EEOC investigation.  (ECF 22-2 at p. 3 [Nos. 14-16]; ECF 22-8 [Derderian Dec.] at ¶¶ 3-6.)  He was no longer employed by Uniregistry in March of 2017, when the company first learned of Plaintiff's claims. (ECF 22-8 [Derderian Dec.] ¶ 5; ECF 22-3 [Schilling Dec.], ¶¶ 7-8.) Under the circumstances, the principles governing administrative exhaustion have not been met.

The only other authority cited in the Opposition on this subject is not on point. Plaintiff relies on *Oubichon v. N. Am. Rockwell Corp.*, 482 F.2d 569, 571 (9th Cir. 1973), for its holding that "when an employee seeks judicial relief for incidents not listed in his original charge to the EEOC, the judicial complaint nevertheless may encompass any discrimination like or reasonably related" to the EEOC charge allegations including new acts (ECF 22, at p. 22:23-28.) That case is distinguishable as it does not relate to the naming of a defendant in the caption or body of a charge. Its focus is "incidents" and "new acts occurring during the pendency of the charge before the EEOC." *Oubichon,* 482 F.2d at 571. Further, *Sanchez v. Standard Brands, Inc*.,

DEFENDANTS REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
CASE NO. 8:18-cv-01566-JLS-JDE

431 F.2d 455, 466 (5th Cir. 1970), does not address the failure to name a defendant in

an administrative action. Plaintiff in that case checked the wrong box and wrote the

wrong words on her initial timely administrative complaint. *Id*. at 457. The issue in

*Sanchez* was whether Plaintiff could pursue a claim based on an amended charge of

discrimination. The case is not controlling or dispositive here.

Moreover, there are numerous factually analogous cases directly on point

wherein the court dismissed respondents who had not been named in an administrative

charge. *See Valdez v. City of L.A.*, 231 Cal.App.3d 1043, 1061 (1991); *Polk v. OSI

Elecs., Inc*., 2014 WL 12787639, at *4 (C.D. Cal., 2014).

**G.    The Opposition Fails To Address The EEOC's Failure To Reopen
The Retaliation Claim**

The Opposition fails to address Uniregistry's request that the second claim for

retaliation be dismissed based on the EEOC's failure to reopen that claim. Plaintiff

does not dispute the material fact that the agency did not reopen that claim.  Here, the

EEOC did not reinvestigate or reconsider Plaintiff's claim of retaliation. (ECF 22-10,

at ¶¶ 3 and 7, Ex. B and F; *ECF 22-2 at P. 3 [No. 10].)* Thus, it was not subject to the

second right-to-sue (ECF 22-22, at p. 6) and was not timely filed within the statute of

limitations.  As such, summary judgment should be entered in favor of Uniregistry as

to Plaintiff's Second Claim.

**H.    Plaintiff Cannot Show She Diligently Pursued Her Claims, Thus
Supporting the Affirmative Defense of Laches**

Plaintiff's rejection of laches as a defense in this action is unsupported by the

law and the undisputed facts.  Laches occurs when a plaintiff unreasonably delays in

bringing suit.  (*James v. j2 Cloud Servs*., No. 2:16-cv-05769-CAS(PJWx), 2019 U.S.

Dist. LEXIS 90895, at *19 (C.D. Cal. May 29, 2019) The application of the doctrine

is within the discretion of the court.  (*Millbrae Assn. for Residential Survival v. City of*

*Millbrae* (1968) 262 Cal.App.2d 222, 247.)  The two elements underlying the defense

of laches are: (1) the plaintiff's delay in bringing suit was unreasonable and

inexcusable, and (2) defendant suffered material prejudice attributable to the delay.

*See also See Johnson v. City of Loma Linda*, 24 Cal.4th 61 (2000), affirming the

granting of motion for summary judgment on an employee's FEHA discrimination

claims, upholding a finding that the doctrine of laches barred a subsequent writ

petition after an 18 month delay in filing, reasoning the excuses plaintiff offered for

the delay did not *prevent* him from pursing the matter in court. *Johnson Id*.  If the

presumption of laches applies, unreasonable delay and prejudice are inferred and a

defendant need not present affirmative evidence that it suffered any prejudice. If a

defendant establishes a presumption of laches in a motion for summary judgment, the

burden shifts to the plaintiff to rebut the presumption by offering evidence to show an

excuse for the delay or that the delay was reasonable or by offering evidence sufficient

to place the matters of evidentiary prejudice and economic prejudice genuinely in

issue.

      Here, the undisputed facts establish an unreasonable 18-month delay in Plaintiff

filing her civil lawsuit (See ECF 28 at pp. 2-3 [No. 4, 6]; ECF 24-1, [Lambert Dep.] at

p. 123 [Lines 17-23] and p. 147; ECF 28 at p. 4 [No. 7]; ECF 1 at Exhibit 2.)  Plaintiff also admits that her delay in filing suit led to material prejudice to defendants attributable to the delay.  (ECF 28 at pp.6-7 [ No. 17-18]; ECF 22- 20 at p. 5 [Lines 17-25], p. 13 [Lines 6-12 and 18-24].)  Plaintiff attempts to avoid the application of the doctrine by suggesting she timely filed her initial claim with the EEOC, provided documents to the agency, defense counsel sought extensions from the EEOC, and she lived in Florida. (ECF 27)  Plaintiff's evidence is inadmissible, irrelevant, and does not suffice to show she was prevented from filing a civil lawsuit on time.  By Plaintiff's own admission, she had access to counsel.  (CITE.)  She concedes she received the right-to-sue notices.  (ECF 28 at [No. 6]; ECF 24-1, p.123 [Lambert Dep.)] at p. 123:17-23]; ECF 24-1, p. 147.)  Further, she does not dispute the EEOC warned her about the deadlines arising from the right-to-sue.

Plaintiff was not required to file a civil action.  It was an option she chose to forego.  There are no facts to show she was prevented from filing a civil lawsuit within the statute of limitations period.  Any delay in bringing a civil suit was her choice. Under the circumstances, Plaintiff did not act reasonably and does not have a good excuse that warrants reviving a missed limitations deadline.

## III.   CONCLUSION

Plaintiff does not dispute that this lawsuit was not filed within the time frame provided in the right-to-sue notices she received.  Plaintiff unsuccessfully attempts to blame others, but cannot escape the consequences of her own failure to file suit on

time. She cannot meet each of the elements required to establish equitable tolling. Her attempts to create a dispute where none exists fail as the "evidence" she provides does not create a dispute and is inadmissible.  Because Plaintiff fails to demonstrate she is entitled to equitable tolling as a matter of law, and there are no other defenses available to her, Plaintiff's claims are legally and factually without merit and should be summarily dismissed.

Even if this motion was not dismissed in full, the retaliation claim should be dismissed because it was not subject to a reopening of the administrative action. Further, both claims should be dismissed against Defendant Mr. Derderian because Plaintiff failed to exhaust her administrative remedies as he was not given notice of and did not participate in those proceedings.  For all of these reasons, summary judgment as to the First and Second Claims against both Defendants is appropriate and respectfully requested.

Dated: November 1, 2019                **DUANE MORRIS LLP**

                                     By:    /s/ *Allegra A. Jones*
                                            Lorraine P. Ocheltree
                                            Allegra A. Jones
                                            Brooke B. Tabshouri
                                            Attorneys for Defendants
                                            UNIREGISTRY, INC. and SEVAN
                                            DERDERIAN

DM2\10598348.4                                          24