UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:18-cv-01566-JLS-JDE                                    Date:  December 02, 2019
Title:  Natalie Lambert v. Uniregistry, Inc. et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:
        Not Present                                                                  Not Present

**PROCEEDINGS:  (IN CHAMBERS) ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Doc. 22)**

　　　Before the Court is a Motion for Summary Judgment filed by Defendants Uniregistry, Inc. and Sevan Derderian.  (Mot., Doc. 22).  Plaintiff Natalie Lambert opposed (Opp., Doc. 27) and Defendants replied (Reply, Doc. 32).  Having held a hearing and taken the matter under submission, for the following reasons, the Court GRANTS Defendants' Motion.

## I. BACKGROUND[1]

　　　Lambert began working as a Director of Business Development for Uniregistry Inc. in October of 2014.  (Defendant's Reply Statement of Uncontroverted Facts ("RSUF") ¶¶ 1-2, Doc. 33.)  Lambert asserts that throughout her employment, she was "subject[ed] to inappropriate and offensive treatment, [on the basis of her] gender" by her supervisor, Derderian.  (Lambert Decl. ¶ 3, Doc. 29.)   She was later terminated on March 23, 2015, ostensibly for a failure to meet expected sales levels.  (*Id.*; RSUF ¶ 3; Schilling Decl. Ex. A at 2, Doc. 22-4.)

---

[1] Defendants filed numerous, largely boilerplate evidentiary objections.  (*See* Doc. 34.)  In such instances, it is "unnecessary and impractical for a court to methodically scrutinize each objection and give a full analysis of each argument raised." *Doe v. Starbucks, Inc.*, No. SACV 08–0582 AG (CWx), 2009 WL 5183773, at *1 (C.D. Cal. Dec. 18, 2009).  Thus, to the extent that the Court relies on objected-to evidence, the relevant objections are overruled. *Capitol Records, LLC v. BlueBeat, Inc.*, 765 F. Supp. 2d 1198, n.1 (C.D. Cal. 2010).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:18-cv-01566-JLS-JDE                                                        Date:  December 02, 2019

Title:  Natalie Lambert v. Uniregistry, Inc. et al.

Lambert attests that in September of that year, she contacted the law firm of Scott Wagner & Associates regarding possible workplace harassment claims.  (Lambert Decl. ¶ 7.)  On September 22, 2015 she filed a letter with the Equal Employment Opportunity Commission ("EEOC"), naming both Uniregistry and Derderian, and alleging "wrongful termination … due to retaliation and discrimination."  (*Id*.; RSUF ¶ 4; Lambert Decl. Ex. A.)  On January 19, 2016, the EEOC received and officially filed Lambert's Charge of Discrimination.  (RSUF ¶ 5, Lambert Decl. Ex. C.)  This claim was "dual filed" with the California Department of Fair Employment & Housing ("DFEH").  (RSUF ¶ 6.)  On the same day, Lambert received a letter from the DFEH stating that the EEOC, pursuant to the agencies' work-sharing agreement, would be responsible for her claims' investigation and containing a right to sue notice.  (*Id*.; Lambert Decl. Ex. D.)  This notice specified that Lambert was required to bring a state court civil action under the Fair Employment and Housing Act within one year of the date of the notice, but also noted that "this one-year period [would] be tolled during the pendency of the EEOC's investigation" of her complaint.  (*See* Lambert Decl. Ex. D.)  On February 1, 2016, Lambert then received an EEOC "Dismissal and Notice of Rights," providing that the commission was closing the file on her claim after completing its investigation and determining that it was unable to conclude that statutory violations had taken place.  (RSUF ¶ 7; Lambert Decl. Ex. F.)  That document stated that "Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue [under federal law] based on this charge will be lost."  (Lambert Decl Ex. F.)

Lambert spoke with EEOC supervisor John Sohn on February 24, 2016, who told her that "if [she] provided evidence[,] they would reevaluate [her] case and investigate it."  (Lambert Decl. ¶ 9.)  Lambert then submitted further evidence and information pertaining to her claims, which was marked received by the EEOC on March 23, 2016.  (*Id*.; Lambert Decl. Ex. G.)  Lambert states that, on April 13, 2016, EEOC investigator Brandon Mancia told Lambert that "these investigations take a long time" and she should "continue to follow up regarding the status of the investigation."  (Lambert Decl. ¶ 9.)  Yet, an internal EEOC memorandum dated April 14, 2016 and signed by Mancia denotes that Lambert "was contacted about her reconsideration request" and notified that it was denied due to a lack of evidence.  (Jones Decl. Ex. D at 8, Doc. 22-22.)  The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  8:18-cv-01566-JLS-JDE | Date:  December 02, 2019 |
| Title:  Natalie Lambert v. Uniregistry, Inc. et al. | |

memorandum further states that Lambert was "informed that her [federal right to sue] could not be extended and would expire on May 1, 2016," and she confirmed that she understood this.  (*Id.*)  Nevertheless, Lambert remained in contact with EEOC staff about her case through March 10, 2017.  (Lambert Decl. ¶ 10.)

On May 25, 2017, the EEOC issued a "Notice of Intent to Reconsider" purporting to vacate the February 1, 2016 Dismissal and revoke the accompanying Notice of Right to Sue.  (RSUF ¶ 10; Lambert Decl. Ex. J.)  On February 6, 2018, the agency issued a second "Dismissal and Notice of Rights," which was essentially identical to that issued on February 1, 2016.  (RSUF ¶ 12; Lambert Decl. Ex. L.)  Lambert filed suit in Orange County Superior Court on July 24, 2018.  (Compl., Doc. 1-2.)  Defendants removed the action to this Court on August 31, 2018.  (Doc. 1.)

Plaintiff brings claims for violation of the California Fair Employment and Housing Act ("FEHA"): (1) sexual harassment in violation of Cal. Gov. Code § 12940(j), and (2) retaliation in violation of Cal. Gov. Code. § 12940(h).[2]  (Compl. ¶¶ 23-33.) Defendant's Motion seeks summary judgment as to both claims.  (*See* Mot.. at 2.)

## II. LEGAL STANDARD

In deciding a motion for summary judgment, the Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in that party's favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  Summary judgment is proper "if the [moving party] shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A factual dispute is "genuine" when there is sufficient evidence such that a reasonable trier of fact could resolve the issue in the non-movant's favor, and a fact is "material" when it might affect the outcome of the suit under the governing law. *Anderson*, 477 U.S. at 248.  But "credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge."  *Acosta v. City of Costa Mesa*, 718 F.3d 800, 828 (9th Cir. 2013) (quoting *Reeves*

---

[2] The sexual harassment claim is brought against both defendants, while the retaliation claim is brought against only Uniregistry.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  8:18-cv-01566-JLS-JDE | Date:  December 02, 2019 |
| Title:  Natalie Lambert v. Uniregistry, Inc. et al. | |

*v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) (internal quotation marks omitted)).

The role of the Court is not to resolve disputes of fact but to assess whether there are any factual disputes to be tried.  The moving party bears the initial burden of demonstrating the absence of a genuine dispute of fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  "Once the moving party carries its initial burden, the adverse party 'may not rest upon the mere allegations or denials of the adverse party's pleading,' but must provide affidavits or other sources of evidence that 'set forth specific facts showing that there is a genuine issue for trial.'"  *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (quoting Fed. R. Civ. P. 56(e)).

### III. <u>DISCUSSION</u>

Lambert contends the instant lawsuit is timely because she properly filed it in Orange County Superior Court following the EEOC's second "Dismissal and Notice of Rights."  Her arguments are principally that, (1) for the purposes of filing her FEHA claims she had one year from the date of the issuance of the EEOC's second notice (Opp. at 1), and (2) even if the statute of limitations required her to file earlier, because she reasonably relied upon a series of statements made by EEOC staff, equitable tolling should apply (*id*. at 10-14).  As explained below, the Court concludes that (1) Lambert's claims are time-barred because they were not timely brought following the *initial* "Dismissal and Notice of Rights," and (2) equitable tolling cannot operate to save the claims.

#### A. <u>Expiration of Lambert's Right to Sue: Statutory Tolling</u>

"In order to bring a civil action under FEHA, the aggrieved person must exhaust the administrative remedies provided by law."  *Rodriguez v. Airborne Express*, 265 F.3d 890, 896 (Sept. 12, 2001).  "Exhaustion in this context requires filing a written charge with DFEH within one year of the alleged unlawful employment discrimination, and obtaining notice from DFEH of the right to sue."  *Id*.  In cases such as this one, where the

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.  8:18-cv-01566-JLS-JDE                                                              Date:  December 02, 2019
Title:  Natalie Lambert v. Uniregistry, Inc. et al.

DFEH defers investigative authority to the EEOC, "[t]he time for commencing an action for which the statute of limitations is tolled … expires when the federal right-to-sue period to commence a civil action expires, or one year from the date of the right-to-sue notice by the Department of Fair Employment and Housing, whichever is later."  Cal. Gov. Code § 12965(d).  If limited to one year from the date of the DFEH right-to-sue letter, Lambert would have had to file her civil action by January 18, 2017.  She did not do so.  Hence, she argues that the federal right-to-sue period is the proper measurement.  However, under applicable law, that argument does not help her cause.

   In its May 25, 2017 Notice of Intent to Reconsider, the EEOC relied on language in 29 C.F.R. § 1601.21(b) as providing the agency with the authority to vacate the February 1, 2016 Dismissal and revoke the accompanying Notice of Right to Sue.  (Lambert Decl. Ex. J.)  In so relying, the EEOC failed to consider the totality of § 1601.21, which when read in its entirety, renders impermissible the agency's actions in this instance.

   Specifically, while 29 C.F.R. § 1601.21(b) grants the EEOC authority to "reconsider its decision or the determination of any of its designated officers who have authority to issue Letters of Determination," this authority is expressly cabined in two ways.  First, in the event the EEOC decides to reconsider a dismissal, it must promptly issue "a notice of intent to reconsider."  29 C.F.R. § 1601.21(b)(1).  Second, if ninety days have elapsed since the charging party's receipt of a notice of right to sue, "the notice of intent to reconsider will vacate the dismissal or letter of determination, but will not revoke the notice of right to sue."  *Id*.  In short, the EEOC cannot issue an effective second notice of right to sue opening a new ninety window within which to file suit under federal law unless it does so within the initial ninety-day period.  *See id*.

   In *Lute v. Singer*, the Ninth Circuit addressed this very issue.  678 F.2d 844, 845 (9th Cir. 1982).  In *Lute*, the EEOC issued an initial notice of right to sue and then within ninety days, issued a notice that it was reopening the case and revoking the prior notice of right to sue.  *Id*.  Approximately sixteen months after the revocation, the commission issued a second notice of right to sue.  *Id*.  The Ninth Circuit cited policy considerations such as the interest in the speedy resolution of complaints and agreed with the Fifth and Tenth Circuits' interpretations that "the EEOC's authority to rescind a Notice of Right to

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:18-cv-01566-JLS-JDE                         Date: December 02, 2019
Title: Natalie Lambert v. Uniregistry, Inc. et al.

___

Sue [is limited] to those cases in which the EEOC decides to reconsider and notifies all parties of its decision within 90 days after it first issues a Notice of Right to Sue." *Id.* at 846 (citing *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241 (5th Cir. 1980); *Trujillo v. General Elec. Co.*, 621 F.2d 1084 (10th Cir. 1980)). Because the EEOC promptly notified both parties of its intent to reconsider the original determination and revoke the initial notice of right to sue within ninety days of its issuance, the court held that the agency acted within its authority to issue the second notice. *Id.* at 846-847.

       Here, Lambert received an EEOC "Dismissal and Notice of Rights" on February 1, 2016, which unequivocally stated the commission's investigation had been terminated and Lambert had ninety days to file suit under federal law or the right to sue was forfeited. (RSUF ¶ 7; Lambert Decl. Ex. F.) Accordingly, Lambert's federal right-to-sue period expired May 1, 2016. The EEOC's May 25, 2017 issuance of a "Notice of Intent to Reconsider" purporting to vacate the February 1, 2016 dismissal and revoke the accompanying notice of right to sue came over a year later. (*See* RSUF ¶ 10; Lambert Decl. Ex. J.) Therefore, under the clear language of 29 C.F.R. § 1601.21(b)(1), this notice did not revoke the initial right-to-sue notice. And because the initial notice of right to sue was not revoked, the EEOC lacked authority to issue a second right-to-sue notice on February 6, 2018.

       Because Lambert failed to file suit under FEHA prior to January 18, 2017 (one year after the issuance of the DFEH right-to-sue letter), the Court concludes that statutory tolling under California Government Code § 12965(d) does not save her claims.

       **B. Equitable Tolling**

       The one-year time limit[3] attendant to a discrimination plaintiff's right to sue under California law has been construed by the Ninth Circuit as a statute of limitations subject to the equitable doctrine of tolling. *Salgado v. Atlantic Richfield Co.*, 823 F.2d 1322, 1324 (9th Cir. 1987. "[T]he practical relationship between Title VII and California's FEHA, embodied in the work sharing agreement between the EEOC and the [DFEH],

___

[3] The statutory basis for the one-year time limit to file under California state law is found in Cal. Gov. Code § 12965(b).

___

**CIVIL MINUTES – GENERAL**                                                    6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:18-cv-01566-JLS-JDE                                            Date:  December 02, 2019
Title:  Natalie Lambert v. Uniregistry, Inc. et al.

provides a basis for tolling [FEHA's] one-year statute of limitations during the pendency of the EEOC's administrative process." *Id*. at 1326; Cal Gov. Code § 12965(d)(1)-(2). The pendency of the EEOC administrative process is terminated when the EEOC issues a notice of right to sue. *Downs v. Department of Water & Power*, 58 Cal. App. 4th 1093, 1101-02 (1997).  Lambert contends that the tolling of FEHA's one-year statute of limitations in this case should extend, on equitable grounds, until the EEOC's issuance of the second "Dismissal and Notice of Rights" on February 6, 2018.  (Opp. at 11-13.)

"Equitable tolling—extending the deadline for a filing because of an event or circumstance that deprives the filer, through no fault of his own, of the full period accorded by the statute—seeks to vindicate what might be considered the genuine intent of the statute." *McQuiggin v. Perkins*, 569 U.S. 383, 409 (2013).  In general, the doctrine of equitable tolling has been applied sparingly and in "extreme cases." *Scholar v. Pacific Bell*, 963 F.2d 264, 267-68 (9th Cir. 1992).  Examples of such extreme cases are "when the claimant was tricked by an adversary into letting a deadline expire" and "when the EEOC's notice of the statutory period was clearly inadequate." *Id*.  It is not appropriately applied when "a late filing is due to [the] claimant's failure to exercise due diligence in preserving his legal rights" or a "garden variety claim of excusable neglect." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990).

In the FEHA context, the application of equitable tolling is informed by three factors: "(1) timely notice to defendants in filing the first claim; (2) lack of prejudice to defendants in gathering evidence to defend against the second claim; and (3) good faith and reasonable conduct by plaintiffs in filing the second claim." *Villalvaso v. Odwalla, Inc.*, No. 1:10-CV-02369-OWW-MJS, 2011 WL 1585604, at *6 (E.D. Cal. Apr. 25, 2011) (citing *Downs*, 58 Cal. App. 4th at 1100; *Collier v. City of Pasadena*, 142 Cal. App. 3d 917, 924 (1983)).  Each of these factors is a prerequisite that a plaintiff must independently satisfy before invoking equitable tolling.  *See Downs*, 58 Cal. App. 4th at 1100.  The court addresses each factor in turn.

### 1.  Timely Notice to Defendants

"The requirement of timely notice basically means the first claim must have been

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:18-cv-01566-JLS-JDE                                  Date:  December 02, 2019
Title:  Natalie Lambert v. Uniregistry, Inc. et al.

filed within the statutory period; the filing of the first claim also must have alerted the defendant in the second claim of the need to begin investigating the facts that form the basis for the second claim." *Aguilera v. Heiman*, 174 Cal. App. 4th 590, 599 (2009) (citing *Collier*, 142 Cal. App. 3d at 924).  In this context, the first claim refers to the initial administrative claim and the second claim refers to the subsequent civil action. *See id*. at 598-603.  Typically, timely notice requires that "the defendant in the [administrative claim] is the same one being sued in the [later civil action]." *Id*. at 599.

### a. Uniregistry

Uniregistry CEO Frank Schilling states that Uniregistry did not receive notice of Lambert's charges while they were being processed and investigated.  (RSUF ¶ 9; Schilling Decl. ¶¶ 7-8.)  Rather, Uniregistry was first made aware of the charges' existence by the March 27, 2017 delivery of a letter from Lambert's counsel.  (RSUF ¶ 9; Schilling Decl. ¶ 8.)  The company then received, for the first time, a description of charges' factual basis in a similar May 19, 2017 letter.  (Schilling Decl. ¶ 9.)  On June 15, 2017, Uniregistry obtained, for the first time, a copy of Lambert's 2016 EEOC Charge of Discrimination.  (*See* RSUF ¶ 11; Schilling Decl. ¶ 11.)

Uniregistry points to EEOC documents reflecting that the commission had on file an erroneous Marina Del Ray address that the company vacated in January 2016.[4] (RSUF ¶¶ 9-11; Mot. at 6; Schilling Decl. ¶ 5; Jones Decl. Ex. D at 7.)  Lambert contends that Defendants' claims of a lack of notice are dubious because she, along with her charges, provided the EEOC with the company's correct Newport Beach address. (Opp. 19; Lambert Decl. Exs. A, C.)  She argues that under the mailbox rule, "proper and timely mailing of a document raises a rebuttable presumption that it is received by the addressee." Opp. at 19; *Mahon v. Credit Bureau of Place County Inc.*, 171 F.3d 1197, 1202 (9th Cir. 1999).

Lambert's relies on the mailbox rule and the two documents (Lambert Decl. Exs.

---

[4] Schilling attests that Uniregistry confirmed with the California Employment Development Department "that on December 4, 2015, Uniregistry changed the address on file" to the Newport Beach address.  (Schilling Decl. ¶ 15.)

**CIVIL MINUTES – GENERAL**                                                                               8

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:18-cv-01566-JLS-JDE                                    Date:  December 02, 2019
Title:  Natalie Lambert v. Uniregistry, Inc. et al.

A, C) showing that she provided Uniregistry's Newport Beach address to the EEOC. This reliance is misplaced. The mailbox rule presumption applies only when there has been a "proper and timely mailing of a document." Here, the only relevant mailing would have been by the EEOC. There is no presumption that, because Lambert provided the address to the EEOC, the EEOC must have mailed notice to that address, and Uniregistry must have received it. Further, Schilling has affirmed that Uniregistry received no information relating to the claims until after Lambert's *entire* window to file under FEHA had lapsed. (RSUF ¶ 9; Schilling Decl. ¶ 8.) Thus, March 27, 2017 was the first time either Defendant was "alerted … of the need to begin investigating the facts that form the basis for the second claim," Lambert's civil action. Lambert has proffered no admissible, relevant evidence to the contrary.

### b.  Derderian

Lambert states that she was aware "that defendant Derderian was still employed at the Newport Beach office" when she filed her charges and gave Uniregistry's address to the EEOC. (Lambert Decl. ¶ 7; Opp. at 19.) However, Derderian attests that he never received a copy of the DFEH Charge of Discrimination, a copy of the EEOC Charge of Discrimination, or any communications notifying him of Lambert's allegations. (RSUF ¶¶ 14-16; Derderian Decl. ¶¶ 3-7, Doc. 22-8.) Instead, he was first informed of the charges in August 2018, following the filing of this action. (RSUF ¶ 14; Derderian Decl. ¶ 7; Jones Decl. Ex. E, Doc. 22-23.) The record confirms these statements as the DFEH and EEOC documents repeatedly name Uniregistry as a respondent, but not Derderian. (*See*, *e.g.,* Lambert Decl. Exs. B, E.)

From the record, it appears that while Derderian is named within Lambert's narrative supporting her Charge of Discrimination (Lambert Decl. Exs. A, C), he was never denoted as a respondent or defendant in any DFEH or EEOC documents. Plaintiff is correct that an individual who is named in the body of a complaint, but not specifically referred to in a right-to-sue letter may be sued for the conduct described in the complaint, Opp. at 18; *Martin v. Fisher*, 11 Cal. App. 4th 118, 121-22 (1992), but that does not address the notice issue here.

**CIVIL MINUTES – GENERAL**                                                                           9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:18-cv-01566-JLS-JDE                                        Date:  December 02, 2019
Title:  Natalie Lambert v. Uniregistry, Inc. et al.

The Court concludes that Lambert has not set forth evidence raising a genuine dispute of material fact showing adequate notice to the Defendants of Lambert's initial filing of charges.  While this is sufficient to deny the application of equitable tolling, the Court analyzes the other factors as well.

### 2.  Prejudice to Defendants

The issue of prejudice under California's equitable tolling framework is bound up with timely notice because "[t]he doctrine focuses on the effect of the prior claim in warning the defendants in the subsequent claim of the need to [gather evidence and] prepare a defense." *Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1140 (9th Cir. 2001).  "To evaluate prejudice to the defendant[s], the court engages in a fact-specific and evidence-bound inquiry." *Id.*  This inquiry is conducted "with a focus on stale claims[,] deteriorated evidence[,]" and faded memories   *Structural Steel Fabricators, Inc. v. City of Orange*, 40 Cal. App. 4th 459, 465 (1995); *Romano v. Rockwell Internat, Inc.*, 14 Cal. 4th 479, 488 (1996).

Defendants offer evidence that by the time Uniregistry first became aware of Lambert's allegations, many employees likely to have key information relevant to this lawsuit were no longer employed by the company.  (RSUF ¶ 17.)  This includes Derderian, Michel Ward (Lambert's supervisor), and Amanda Fessenden (a potential witness in the EEOC investigation), among several others.  (RSUF ¶¶ 17-18; Schilling Decl. ¶¶ 16-22.)  Lambert does not dispute that such witnesses are no longer available; she merely states that the prejudicial effect is not as great as Defendants urge.[5]  (Opp. at 16-17; Lambert Decl. ¶ 18.)

What is clear from the facts is the delay in the filing of suit compounded with the lack of timely notice of the initial charges to Defendants has created the exact type of stale claims, deteriorated evidence, and faded memories that preclude the operation of equitable tolling.  The parties concur that key witnesses are unavailable.  Defendants

---

[5] Lambert argues that the unavailability of these witnesses will cause more prejudice to her than Defendants.  But that is immaterial.  The equitable tolling inquiry concerns only the potential prejudice suffered by Defendants. *Collier*, 142 Cal. App. 3d at 924.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:18-cv-01566-JLS-JDE                                        Date:  December 02, 2019

Title:  Natalie Lambert v. Uniregistry, Inc. et al.

point out that when deposed, Lambert herself stated that she "could not recall" in excess of eighty times.  (RSUF ¶ 19; Mot. at 21; Lambert Depo., Doc. 22-19.)  Further, as Uniregistry did not receive notice of Lambert's charges until approximately eighteen months after they were sent to the EEOC, Defendants were unaware of the need to interview employees and otherwise retain evidence that is now lost.  They would be hampered in their attempts to effectively defend against the claims presently brought.

### 3.  Reasonableness of Plaintiff's Course of Conduct

As discussed above, Lambert was informed, in writing on February 1, 2016 by the EEOC, that it had closed its investigation.  Lambert argues that she was justified in delaying the filing of her lawsuit because "[s]he was reassured on multiple occasions by communications by the EEOC's Investigators and agents that the investigation would continue through the spring and summer of 2017, and that her right-to-sue letter was being re-evaluated."  (Opp. at 12, 14; Lambert Decl. ¶¶ 9-10.)  Even if the Court disregards the April, 2016 notes of an EEOC employee reflecting that he advised Lambert that she would not receive an extension on her right to sue, the statements Lambert cites are insufficient to justify equitable tolling.  Specifically, she attests that EEOC employees told her that "these investigations take a long time," Lambert should "continue to follow up regarding the status of the investigation," and "if [she] provided evidence[,] they would reevaluate [her] case and investigate it."  But there is no evidence that an agent of the EEOC ever indicated to Lambert that it was appropriate for her to allow her right to sue to lapse under the February 1, 2016 "Dismissal and Notice of Rights" or that the time limitation on that right was being tolled.  The only EEOC communication that could support Lambert's argument here would be one concretely notifying her that the commission intended to issue a "Notice of Intent to Reconsider" prior to January 18, 2017.  That did not happen.  In short, Lambert had, at most, a hope that the EEOC would re-open her investigation.  Lambert enjoyed the entire one-year filing period accorded by statute and it was not reasonable for her to fail to timely file a lawsuit in reliance on the alleged oral statements that her right-to-sue letter was being reevaluated.

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  8:18-cv-01566-JLS-JDE | Date:  December 02, 2019 |
| Title:  Natalie Lambert v. Uniregistry, Inc. et al. | |

Lambert also attests that she believed she had additional time to bring an action because of advice received from counsel at Scott Wagner & Associates.  (Opp. at 6 Lambert Decl. ¶ 11.)  Lambert has not specified what advice she received, but it is of no moment.  The fact that she was represented by an attorney during the relevant period cuts against equitable tolling.  "[O]nce a claimant retains counsel, tolling ceases because she has gained the means of knowledge of her rights and can be charged with constructive knowledge of the law's requirements."  *Leorna v. U.S. Dept. of State,* 105 F.3d 548, 551 (9th Cir. 1997).  Further, an attorney's mistaken interpretation of a deadline to file strikes as "garden-variety excusable neglect," rather than the sort of extreme circumstance that the Supreme Court stated in *Irwin* justifies equitable tolling.  498 U.S. at 96.; *See Cisneros v. Baker*, 623 Fed. Appx. 313 (9th Cir. 2015).

Moreover, Lambert's reliance on *Mitchell v. State Department*, 1 Cal. App. 5th 1000 (2016) is inapposite.  *Mitchell* was before the California court of appeal after the trial court sustained a demurrer.  *Id*. at 1003.  The only issue there was whether it might be possible for the plaintiff to show equitable tolling based on the allegations of the complaint.  *Id*. at 1007.  Here, we are at summary judgment and have the benefit of factual development.  Moreover, the alleged facts in *Mitchell* are distinguishable as the plaintiff brought an action only 19 days after the federal expiration of her right to sue.  *Id*. at 1004.  Here, Lambert's action was brought over two years after expiration of the federal time period and eighteen months after the expiration of the state law period.

In sum, Lambert's conduct, particularly because she was represented by legal counsel, does not show the reasonableness necessary for equitable tolling.

### IV.     CONCLUSION

The Court concludes that Lambert's FEHA claims are time-barred and equitable tolling does not apply.  Accordingly, the Court GRANTS Defendants' Motion for Summary Judgment.  Defendants shall file a proposed judgment within **fourteen (14) days** of this Order.

Initials of Preparer:  tg

___